**MILLER AND COMPANY, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**Court No. 84–4–00576.**

United States Court of International Trade.

Nov. 21, 1984.

Plaia, Schaumberg & deKieffer, Chartered, Washington, D.C. (Herbert C. Shelley and George W. Thompson), Washington, D.C., for plaintiff.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch; Francis J. Sailer; Civil Division, U.S. Dept. of Justice, Washington, D.C., for defendant.

*Opinion and Order*

RESTANI, Judge:

Plaintiff filed an action challenging the final determination made by the International Trade Administration ("ITA") of the United States Department of Commerce at the conclusion of its periodic review, conducted pursuant to section 751 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1675 (1982), of the outstanding countervailing duty order on pig iron imported from Brazil. Plaintiff, an importer, seeks an injunction directing the ITA not to order liquidation of plaintiff's Brazilian pig iron entries for 1981 in the manner set forth in the ITA's section 751 determination.

The countervailing duty order in this action was published in the Federal Register on April 4, 1980 (45 Fed.Reg. 23045). The preliminary results of the ITA's administrative review for 1981 of this countervailing duty order were published in the Federal Register on November 30, 1983 (48 Fed. Reg. 54091), and the final results were published on March 16, 1984 (49 Fed.Reg. 9923). The ITA instructed the Customs Service to assess countervailing duties in excess of the cash deposits paid on account of duties on 1981 imports of Brazilian pig iron.

This case is before the court on plaintiff's motion to amend its summons and on defendant's alternative motions for dismissal or summary judgment.[1] Plaintiff

---

1. Plaintiff's motion for summary judgment is based on the jurisdictional and standing issues raised in its motion to dismiss.

seeks amendment of its summons to include an assertion of jurisdiction under 28 U.S.C. § 1581(c) (1982).[2] Plaintiff's original complaint alleged jurisdiction under 28 U.S.C. § 1581(i) (1982).[3] Defendant opposes the motion to amend and moves for dismissal on the grounds that (1) plaintiff lacks standing to prosecute this action and (2) the court lacks subject matter jurisdiction over this action.

The first issue is whether plaintiff's motion to amend should be permitted. Resolution of this issue will depend on whether or not plaintiff's suit lies under 19 U.S.C. § 1516a(a)(2) (1982), which is referenced in 28 U.S.C. § 1581(c). Plaintiff challenges the scope of a final countervailing duty order. The question of the period for which the ITA may assess excess duties pursuant to its countervailing duty order involves a legal conclusion. "[F]actual findings or legal conclusions upon which" countervailing duty orders are based are specifically reviewable under § 1516a(a)(2)(A). Plaintiff's suit, therefore, would appear to lie under § 1581(c).

A suit may be brought under § 1581(c), however, only by "an interested party who is a party to the proceeding in connection with which the matter arises." 19 U.S.C. § 1516a(a)(2)(A). Plaintiff may be "an interested party," but plaintiff was not a party to the administrative proceeding out of which this action arises. Unlike the plaintiff in *First Miss., Inc. v. United States*, CIT, Slip Op. 84–14 (March 6, 1984) (cited by plaintiff), plaintiff here does not point to a particular employee or agent who represented it in the agency proceedings, nor can it point to any reason why the ITA should have realized that it was participating in those particular proceedings. Absent these factors, it is irrelevant whether or not plaintiff's failure to participate prejudiced defendant or whether plaintiff's participation would have been futile. It is not enough that some of the participants have the same general interest as plaintiff. Under the statutory scheme plaintiff itself must participate. Thus, it appears that if this action must be brought under § 1581(c), it may not be maintained by plaintiff, because plaintiff did not partici-

**2.** 28 U.S.C. § 1581(c) reads as follows:
The Court of International Trade shall have exclusive jurisdiction of any civil action commenced under section 516A of the Tariff Act of 1930.

Section 516A of the Tariff Act of 1930, 19 U.S.C. § 1516a (1982) reads in relevant part:

**(a) Review of determination**
... **(2) Review of determinations on record.**
**(A) In general.**—Within thirty days after the date of publication in the Federal Register of—

(i) notice of any determination described in clause (ii) (iii), (iv), or (v) of subparagraph (B), or

(ii) an antidumping or countervailing duty order based upon any determination described in clause (i) of subparagraph (B),

an interested party who is a party to the proceeding in connection with which the matter arises may commence an action in the United States Court of International Trade by filing a summons, and within thirty days thereafter a complaint, each with the content and in the form, manner, and style prescribed by the rules of that court, contesting any factual findings or legal conclusions upon which the determination is based.

**(B) Reviewable determinations.**—The determinations which may be contested under subparagraph (A) are as follows:

... (iii) A determination, other than a determination reviewable under paragraph (1), by the Secretary, the administering authority, or the Commission under section 1675 of this title.

**3.** 28 U.S.C. § 1581(i) provides:

(i) In addition to the jurisdiction conferred upon the Court of International Trade by subsections (a)–(h) of this section and subject to the exception set forth in subsection (j) of this section, the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for—

(1) revenue from imports or tonnage;

(2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;

(3) embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety; or

(4) administration and enforcement with respect to matters referred to in paragraphs (1)–(3) of this subsection and subsections (a)–(h) of this section.

pate in the relevant administrative proceedings. *Cf. Matsushita Electric Industrial Co. v. United States*, 2 CIT 254, 257–58, 529 F.Supp. 664, 668–69 (1981). Accordingly, plaintiff's motion to amend the summons in this action is denied.

The second issue is whether jurisdiction over this action exists under 28 U.S.C. § 1581(i). Although it did not deal specifically with § 1581(c) as it relates to § 1581(i), the case of *United States v. Uniroyal, Inc.*, 69 CCPA 179, 687 F.2d 467 (1982), makes it quite clear that 28 U.S.C. § 1581(i) may not be used to circumvent the specific requirements of jurisdiction under § 1581(a)–(h). If § 1581(c) provides an adequate avenue of relief, plaintiff may not proceed under § 1581(i). It appears to the court that at one point in time plaintiff could have taken steps to qualify its action for jurisdiction under § 1581(c), but it is not clear that plaintiff must have done so in order to obtain relief now, as the court will discuss. If plaintiff is not required in this instance to proceed under § 1581(c) exclusively, § 1581(i) will provide an avenue of relief.[4]

▮ Analysis of this matter begins with the proposition that one who has been injured by agency action is presumptively entitled to judicial review. *City of Rochester v. Bond*, 603 F.2d 927, 931 (D.C.Cir. 1979); Administrative Procedure Act § 10(a), 5 U.S.C. § 702 (1982). *See Abbott Laboratories v. Gardner*, 387 U.S. 136, 140–41, 87 S.Ct. 1507, 1510–12, 18 L.Ed.2d 681 (1967); *see also* K. Davis, *Administrative Law Treatise* § 28.08 (Supp.1970); L. Jaffe, *Judicial Control of Administrative Action* 336 (1965). When Congress provides a specific statutory procedure for judicial review of administrative action, "it is

*ordinarily* supposed that Congress intended that procedure to be the exclusive means of obtaining judicial review in those cases to which it applies." *City of Rochester*, 603 F.2d at 931 (footnote omitted) (emphasis added). Generally, this means that a plaintiff must exhaust its administrative remedies before it can seek such review. *Lowa, Ltd. v. United States*, —— CIT ——, 561 F.Supp. 441, 448, *aff'd*, 724 F.2d 121 (1984). On the other hand, when there is substantial doubt as to whether Congress intended to require strict exhaustion of administrative remedies in a particular case, the court must lean towards permitting judicial review even absent complete exhaustion. *Block v. Community Nutrition Institute*, —— U.S. ——, 104 S.Ct. 2450, 2457, 81 L.Ed.2d 270 (1984).

The question here is whether Congress intended § 1581(i) to serve as an avenue of relief in certain instances of failure to comply with the exhaustion prerequisites to § 1581(c) relief. The court must assume that Congress was aware of the judicial precedents in this area and that it intended them to be applicable to this court's interpretation of its jurisdictional mandate. *See Johnson v. First National Bank of Montevideo, Minnesota*, 719 F.2d 270, 277 (8th Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984). Although statutory exhaustion requirements, such as that made applicable under § 1581(c),[5] are generally prerequisites to obtaining judicial review, in rare instances courts have recognized exceptions to these requirements. *See generally American Trucking Associations, Inc. v. I.C.C.*, 673 F.2d 82, 85 n. 4 (5th Cir.1982), *cert. denied*, 460 U.S. 1022, 103 S.Ct. 1272, 75 L.Ed.2d 493 (1983) (judicial review available when non-party to agency proceeding attacks agency authori-

---

4. When there is no specific statutory scheme for administrative and judicial review, § 1581(i) provides this court with jurisdiction over most international trade disputes. The broad grant of jurisdiction found in § 1581(i) is not easily defeated:

> Unless these preceding jurisdictional subsections [1581(a)–(h)] express or contain in their manifest legislative history, a limitation on jurisdiction of other related actions, they

do not operate to diminish the broad grant of jurisdiction contained in section 1581(i).

*Sacilor, Acieries et Laminoirs de Lorraine v. United States*, 3 CIT 191, 193, 542 F.Supp. 1020, 1023 (1982).

5. Participation in the relevant administrative proceedings as specified in 19 U.S.C. § 1516a(a)(2) is a form of exhaustion of administrative remedies.

ty or constitutionality of agency's enabling statute). In the international trade area see *Luggage and Leather Goods Manufacturers of America v. United States,* —— CIT ——, —— – ——, 588 F.Supp. 1413, 1420–1421 (1984) (plaintiffs not required to pursue "manifestly inadequate" or "inappropriate administrative remedy" prior to seeking judicial review); *United States Cane Sugar Refiners' Association, etc. v. Block,* 69 CCPA 172, 175 n. 5, 683 F.2d 399, 402 n. 5 (1982) (because of potential for immediate injury and irreparable harm to an industry and a substantial impact on the national economy, plaintiff not required to exhaust administrative remedy). This case presents a situation in which a general exception to the exhaustion rule may be applicable here. If such an exception exists it would provide the extraordinary reason for allowing plaintiff to proceed under 28 U.S.C. § 1581(i) in a case where plaintiff could have taken steps to qualify for § 1581(c) jurisdiction.

■ Courts have original jurisdiction to review administrative actions when a plaintiff alleges that an agency has exceeded its statutory powers. *Skinner & Eddy Corp. v. United States,* 249 U.S. 557, 562, 39 S.Ct. 375, 377, 63 L.Ed. 772 (1919). This exception to the rule of exhaustion has been repeatedly observed by the Supreme Court and lower courts. *Leedom v. Kyne,* 358 U.S. 184, 188, 79 S.Ct. 180, 183, 3 L.Ed.2d 210 (1958); *Hines v. United*

*States,* 263 U.S. 143, 147, 44 S.Ct. 72, 73, 68 L.Ed. 216 (1923); *American Trucking,* 673 F.2d at 85 n. 4; *City of Rochester,* 603 F.2d at 934 n. 32; *Schwartz v. Allegheny Corp.,* 282 F.Supp. 161, 163 (S.D.N.Y.1968) (three-judge dist. ct.). In the instant case, plaintiff argues that it is challenging the administrative agency's exercise of its power. Plaintiff asserts that Commerce did not act in the timely manner allegedly mandated by 19 U.S.C. § 1675 and was therefore without power to review and retroactively assess countervailing duties on 1981 entries.[6] Plaintiff further asserts that Commerce's retroactive assessment of countervailing duties is contrary to law and is in direct opposition to this court's ruling in *Ambassador Division of Florsheim Shoe Co. v. United States,* —— CIT ——, 577 F.Supp. 1016 (1983), *appeal docketed,* No. 84-814 (Fed.Cir. Jan. 27, 1984).[7]

■ Mere challenge to the validity of an administrative ruling as beyond the power of the agency is not enough to excuse the exhaustion of administrative remedies. Plaintiff must allege a patent violation of agency authority. *Leedom v. Kyne,* 358 U.S. 184, 189, 79 S.Ct. 180, 184, 3 L.Ed.2d 210 (1958). "[W]hen Congress has specified a procedure for judicial review of administrative action, that procedure is the exclusive means of review unless, because of some extraordinary circumstances, the procedure fails to provide an adequate remedy .... Those extraordinary circum-

**6.** 19 U.S.C. § 1675 provides in relevant part:
**§ 1675. Administrative review of determinations**
(a) Periodic review of amount of duty.
**(1) In general.**—At least once during each 12-month period beginning on the anniversary of the date of publication of a countervailing duty order under this subtitle or under section 1303 of this title, an antidumping duty order under this subtitle or a finding under the Antidumping Act, 1921, or a notice of the suspension of an investigation, the administering authority, after publication of notice of such review in the Federal Register, *shall*—
(A) review and determine the amount of any net subsidy, ...
(emphasis added).

**7.** The Federal Register notice of the final countervailing duty order contested here states:

*Comment 1:* The Government of Brazil argues that, in accordance with the Court of International Trade's decision in *The Ambassador Division of Florsheim Shoes Co. v. United States,* No. 83–125 (C.I.T., December 1, 1983), the Department has no authority to collect countervailing duties on entries subject to the review greater than the cash deposits on those entries. The Brazilian government further argues that the results of a section 751 review should only apply to future entries.
*Department's Position:* We disagree. The Department has appealed the *Florsheim* decision. The Department believes that its practice of retroactive collection is correct and will continue to operate on that belief pending the outcome of the appeal.
49 Fed.Reg. 9924 (March 16, 1984).

stances ... 'were instances of agency action which is *ultra vires* ....' " *Independent Cosmetic Manufacturers and Distributors, Inc. v. H.E.W.*, 574 F.2d 553, 554 (D.C.Cir.), *cert. denied*, 439 U.S. 893, 99 S.Ct. 250, 58 L.Ed.2d 238 (1978). *United Parcel Service, Inc. v. U.S. Postal Service*, 524 F.Supp. 1235, 1247 (D.Del.1981). Clearly, if the ITA's actions were patently *ultra vires* it would be inappropriate to require plaintiff to appear before it as a prerequisite to judicial review.

The court finds, however, that it cannot determine at this time whether plaintiff has alleged a "patent violation" of agency authority. This question is so intertwined with the merits of this matter that a decision on jurisdiction must be reserved. Therefore, the parties are directed to proceed pursuant to the rules of this court to bring the issues raised by plaintiff before the court for decision. The court will then determine whether jurisdiction to hear this action exists under 28 U.S.C. § 1581(i).

Accordingly, decision on defendant's motion to dismiss and its alternative motion for summary judgment is reserved.