## MILLER AND COMPANY, Plaintiff,

v.

## The UNITED STATES, Defendant.

### No. 84–4–00576.

United States Court of International Trade.

Oct. 24, 1986.

Plaia & Schaumberg, Chartered (Herbert C. Shelley and Joel D. Kaufman), Washington, D.C., for plaintiff.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, and Elizabeth C. Seastrum, Civil Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## OPINION

RESTANI, Judge:

This action challenges a determination upon the annual review of a countervailing duty order regarding Brazilian pig iron. The year under review was 1981. In this court's previous opinion in this matter, *Miller and Co. v. United States*, 8 CIT 281, 598 F.Supp. 1126 (1984), this court determined that no jurisdiction existed for an action under 28 U.S.C. § 1581(c) (1982) inasmuch as plaintiff did not participate in the underlying administrative proceedings. *See* 19 U.S.C. § 1516a(a)(2)(A) (1982) (participation made a prerequisite to suit). The only possible jurisdictional basis remaining for suit is 28 U.S.C. § 1581(i) (1982), the residual jurisdiction of the court. In the court's previous opinion, the court determined that such jurisdictional basis would be proper only if defendant's actions were patently *ultra vires*, so that plaintiff could

not be expected to participate administratively. The court found it could not make such a determination without briefing on the merits of the action. *Miller,* 8 CIT at 286, 598 F.Supp. at 1131.

This matter has now been briefed fully. In the interim, *however,* two cases have been decided which shed light on this matter, and which lead to the conclusion that the defendant did not act in an *ultra vires* manner in issuing the challenged determination. The first is *Ambassador Division of Florsheim Shoes,* 748 F.2d 1560 (Fed. Cir.1984). The second is *Philipp Bros., Inc. v. United States,* 10 CIT ——, 630 F.Supp. 1317 (1986), *appeal dismissed,* —— F.2d —— No. 86–1122 (Fed.Cir. July 18, 1986).

In *Florsheim,* the Federal Circuit determined that suspension of liquidation pending completion of the relevant annual review was required by the countervailing duty laws. The court in *Philipp Bros.* found that such a suspension does not terminate prior to completion of the review, even if the Commerce Department does not complete its review within the statutorily directed time. *See* 19 U.S.C. § 1675(a) (1982) (review to be completed "[a]t least once during each 12–month period beginning on the anniversary of the date of publication of a countervailing duty order").[1] In essence, the court found that the time limits of § 1675(a) are not jurisdictional,[2] and that governmental delay alone does not preclude completion of the admin-

istrative process. Furthermore, because a statutorily required suspension was in effect, the court found that 19 U.S.C. § 1504 (1982) did not prevent imposition of additional duties by effecting a liquidation by operation of law.[3] Plaintiff has raised no arguments which convince the court that *Philipp Bros.* is in error. *Philipp Bros.* flows directly from *Florsheim.* There is no way to distinguish this case from *Philipp Bros.* on this point. *Stare decisis* applies. Thus, the court concludes that Commerce did not act beyond its authority here.

Accordingly, the court finds that there is no jurisdiction for this action under 28 U.S.C. § 1581(i) and it is dismissed.

---

1. 19 U.S.C. § 1675(a) was amended in 1984 to make annual reviews necessary only upon request. Trade and Tariff Act of 1984, Pub. Law 98–573, § 611(a)(2)(A), 98 Stat. 3031 (1984).

2. A suit to compel timely action may be the appropriate response to failure to comply with 19 U.S.C. § 1675(a). *American Permac, Inc. v. United States,* 10 CIT ——, 642 F.Supp. 1187 (1986); *see also UST, Inc. v. United States,* 10 CIT ——, 648 F.Supp. 1, 6 (1986) (citing *Philipp Bros.*).

3. Liquidation is the term for the finalization of the duty assessment process. 19 U.S.C. § 1504 (1982) read in relevant part:

    (a) **Liquidation**
    Except as provided in subsection (b) of this section, an entry of merchandise not liquidated within one year from:
    (1) the date of entry of such merchandise;

*   *   *   *   *   *

shall be deemed liquidated at the rate of duty, value, quantity, and amount of duties asserted at the time of entry by the importer, his consignee, or agent. . . .
    (b) **Extension**
    The Secretary may extend the period in which to liquidate an entry by giving notice of such extension to the importer, his consignee, or agent in such form and manner as the Secretary shall prescribe in regulations, if—

*   *   *   *   *   *

    (2) liquidation is suspended as required by statute or court order;

*   *   *   *   *   *

Later amendments to this provision are irrelevant to the issues at hand.