**NATIONAL CORN GROWERS ASSOCIATION, et al., Plaintiffs,**

v.

**James A. BAKER III etc. et al., Defendants.**

**Court No. 85–08–01151.**

United States Court of International Trade.

Nov. 3, 1986.

Williams & Connolly (Aubrey M. Daniel, III, Stephen L. Urbanczyk, Manley W. Roberts, Robert W. Hamilton and William R. Murray, Jr.), Washington, D.C., for plaintiffs.

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Attorney in Charge, Intern. Trade Field Office, Commercial Litigation Branch, U.S. Dept. of Justice (Kenneth N. Wolf), New York City, for defendants.

Spriggs, Bode & Hollingsworth (William H. Bode, Donald W. Fowler, Joseph A. Artabane, Mark J. Riedy and Bruce J. Berger), Washington, D.C., for intervenor-defendant RAJ Chemicals, Inc.

Wilmer, Cutler & Pickering (A. Douglas Melamed, Robert C. Cassidy, Jr. and Deborah M. Levy), Washington, D.C., for intervenor-defendant Citicorp Intern. Trading Co., Inc.

## MEMORANDUM & ORDER

AQUILINO, Judge.

Subsequent to entry of final judgment herein, intervenor-defendant RAJ Chemicals, Inc. ("RAJ") interposed a Motion for Reassignment to Three-Judge Panel and Motion for Rehearing or to Alter and Amend Judgment. The simultaneous motion(s) were addressed to the Chief Judge of the Court pursuant to Rule 77(d)(2) and (4) and Rule 59.[1] Intervenor-defendant Citicorp International Trading Company, Inc. ("Citicorp") then filed with the undersigned a Motion for Rehearing and to Alter, or for Relief From, Judgment. That filing was characterized "as a formality, within the thirty days specified in Rules 59 and 60, in order to ensure that no question can be raised about the timeliness of [Citicorp's] suggestion that it is entitled to the same relief from the earlier Judgment in this case as RAJ."

The Chief Judge has denied RAJ's motion(s) in 10 CIT ——, 643 F.Supp. 626 (1986), which concludes as follows:

... Because reassignment of the case at this juncture would likely protract the ultimate disposition of the action, the action will not be reassigned.

In this case, the parties have raised a number of issues that may be subject to appeal.... Although the parties may not file a notice of appeal while a motion for rehearing is pending, there is no reason to believe that any party who feels aggrieved will not appeal any adverse judgment....

The single-judge court has entered a stay of judgment to maintain the status quo pending disposition of the motion for rehearing and disposition of the appeal. Hence, it is the determination of the Court that the interests of justice can best be served by having all issues finally resolved on appeal in one forum as expeditiously as possible.... 10 CIT at ——, 643 F.Supp. at 632.

The form order submitted in conjunction with the Citicorp motion for rehearing proposes deletion of that part of the court's judgment which orders Citicorp to

remit to the United States ... duties equal to the rate provided under items 427.88 and 901.50, TSUS on any of its entries of fuel ethanol from Brazil at issue in this case which have already been liquidated at a different rate of duty.

Apparently by the time of this decree, Customs had liquidated[2] all four contested Citicorp ethanol entries at the incorrect rate of duty. However, in letters dated July 28 and October 22, 1986, defendants' counsel have notified the court of reliquidation of two of those entries "under authority of 19 U.S.C. § 1501" at the lawful rate. Presumably, but for the provision in that section of the Tariff Act that such reliquidation be carried out within 90 days of the date of original liquidation, the Service itself would have also imposed the correct rate on the other two entries.

In its motion(s), RAJ argued that section 1501 is the "only exception" to the provisions of 19 U.S.C. § 1514(a) "possibly applicable in this action".[3] Suffice it to state for purposes of Citicorp's motion that the court, in rendering its decision of May 22, 1986, 10 CIT ——, 636 F.Supp. 921, carefully considered the purview of section 1514 and concluded that Congress, in enacting that provision to protect imports from arbitrary and capricious reliquidation, did not intend that it insulate *ultra vires* acts of Customs which directly harm third parties from effective judicial review.

In sum, in view of the foregoing, this court concludes that Citicorp's motion for rehearing must be, and it hereby is, denied.

So ordered.

1. Citicorp submitted papers to the Chief Judge in support of RAJ's position.

2. *See, e.g.,* Affidavit of Mehli M. Mistri, para. 2, p. 2 (June 5, 1986); letter of Kenneth N. Wolf, Esq. dated June 17, 1986.

3. Memorandum in Support of Motion of Intervenor-Defendant RAJ Chemicals, Inc. for Reassignment to Three-Judge Panel and Motion for Rehearing or to Alter and Amend Judgment, p. 8.