OMNI U.S.A., INC., Plaintiff,

v.

The UNITED STATES, Defendant.

Court No. 86–2–00256.

United States Court of International Trade.

June 30, 1987.

Barnes, Richardson & Colburn, Andrew P. Vance, New York City, for plaintiff.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch (Sheila N. Ziff), Civ. Div., U.S. Dept. of Justice, Washington, D.C. for defendant.

## OPINION

RESTANI, Judge:

Plaintiff, an importer of metal fasteners from Japan, challenges denial of a protest of a refusal to reliquidate. The parties cross-move for summary judgment.

## FACTS

In June 1979, the Treasury Department published in the Federal Register an order covering certain industrial fasteners from Japan. 44 Fed.Reg. 31972 (June 4, 1979) (T.D. 79–158). The order required deposit of estimated countervailing duties (CVD), indicated that the net amount would be reviewed "upon receipt of information of the precise benefit received ...," and purported to be a "Countervailing Duty Order." 44 Fed.Reg. at 31972.

Prior to the liquidation of the entries at issue, the administration of the CVD program was transferred to the Department of Commerce (Commerce) by Executive Order No. 12188, effective January 2, 1980. Exec. Order No. 12188, 3 C.F.R. 131 (1981), *reprinted in* 19 U.S.C. § 2171 note at 968–69 (1982). In May 1980, Commerce published a notice of its intention to review, on an annual basis, all CVD orders then in existence. Although the parties agree that the fasteners covered by T.D. 79–158 were intended to be included in the notice, the attached list of existing orders to be reviewed did not mention T.D. 79–158. Customs thus continued liquidating entries of Japanese fasteners at the duty rate set forth in the CVD order.

Liquidation of all of the entries at issue occurred in 1980. On October 13, 1982, plaintiff filed a request for reliquidation essentially seeking reliquidation at the rate to be established by the 1980 annual review determination. A review decision relating to the year 1979 alerted plaintiff to the lower duty rate to be expected. This rate was later set at zero, as opposed to the original four percent estimated figure. 48 Fed.Reg. 4864 (February 3, 1983). Reliquidation was denied as untimely requested. Protest of the refusal to reliquidate was denied on September 9, 1985. Suit was filed here on February 26, 1986, challenging that denial.

## ARGUMENTS

19 U.S.C. § 1520(c) (1982) allows reliquidation despite failure to file a timely (within ninety days of liquidation) protest of liquidation under 19 U.S.C. § 1514 (1982 & Supp. III 1985) if a mistake of fact affecting the liquidation is brought to Customs' attention within one year of the liquidation. Plaintiff concedes that it did not file its request for reliquidation within one year of the 1980 liquidations. Plaintiff argues instead that the original liquidations may not stand because they are void. Plaintiff's voidness argument is based on the CVD laws.

Plaintiff argues that the original order, T.D. 79–158, required estimates only and never directed liquidation. Furthermore, plaintiff argues no liquidation was possible once authority for CVD cases was transferred to the Commerce Department, whereupon new regulations were issued governing cases subject to Treasury Department orders. Regulations governing the "transition" cases were promulgated on January 22, 1980. The regulations made all outstanding CVD orders subject to annual re-

view. 19 C.F.R. § 355.41(a) (1981).[1] As indicated, the following May the Commerce Department actually ordered the annual reviews. The parties seem to be in agreement that once annual review was ordered the basic principles of 19 U.S.C. §§ 1671d and 1675 (1982 & Supp. III 1985) applied and liquidation implicitly was ordered suspended. There is some disagreement as to the legal necessity of suspension of liquidation at earlier stages, but it is clear that the post-May 1980 liquidations were not authorized.

Although defendant does not concede that the liquidations were illegal and void, it seems clear that defendant's main argument is that "illegal" or not, at some point a posted "liquidation" finally resolves the question of the amount of duties owing on an entry, and at that point judicial relief is not available.

### SUIT PREDICATED ON 28 U.S.C. § 1581(a) JURISDICTION

■ Basically, there are two jurisdictional provisions under which plaintiff might proceed in order to obtain relief. One is 28 U.S.C. § 1581(a) (1982), providing for judicial review of a denial of a protest. Plaintiff clearly filed suit in a timely manner after its protest of the reliquidation decision was denied. Plaintiff, however, may obtain no relief if its underlying reliquidation request under 19 U.S.C. § 1520(c) was untimely.[2] Except in a few inapplicable situations, only a timely section 1520(c) request will stay the finality of a liquidation once ninety days have passed without the filing of a protest of the liquidation. 19 U.S.C. § 1514(a).

Plaintiff argues that its request was timely because the liquidation, having not yet occurred legally, could not start the running of the section 1520(c) time period. Unfortunately for plaintiff, such attempts to avoid the administrative time limits which condition suit under 28 U.S.C. § 1581(a), have been rejected in a decision of one of the predecessors of the Court of Appeals for the Federal Circuit, *United States v. A.N. Deringer, Inc.*, 66 CCPA 50, 593 F.2d 1015 (1979). In *Deringer*, contrary to a regulation, liquidation occurred early.[3] It was not protested timely. The court held that challenges to the *legality* of liquidations must be made through the protest route. Sections 1514(a) and 1520(c) are both part of that route and their time limits apply. As far as suit under section 1581(a) is concerned, the court cannot distinguish *Deringer* from the case at hand.

### SUIT PREDICATED ON 28 U.S.C. § 1581(i) JURISDICTION

In several recent related opinions the court assumed jurisdiction and ordered collection of additional duties following final liquidation where *ultra vires* acts had resulted in improper liquidation. *National Corn Growers Assoc. v. Baker*, 9 CIT ——, Slip Op. 85–98, at 5–6 (Sept. 20, 1985), 9 CIT ——, 623 F.Supp. 1262, 1266–71 (1985), 10 CIT ——, 636 F.Supp. 921, *rehearing denied*, 10 CIT ——, 650 F.Supp. 172 (1986), *appeal docketed*, No. 87–1147 (Fed. Cir. Jan. 14, 1987). The court relied on 28 U.S.C. § 1581(i) (1982), the residual jurisdiction provision, and 28 U.S.C. § 1585 (1982), which gives the court all of the equitable powers of a district court.[4] The court found as a preliminary matter, however, that the traditional means of obtaining judicial review were unavailable or "manifestly inadequate." *See United States v. Uniroyal*, 69 CCPA 179, 187, 687 F.2d 467, 475 (1982) (Nies, J. concurring).

In another case, *Miller and Co. v. United States*, 8 CIT 281, 598 F.Supp. 1126 (1984), *appeal docketed*, No. 87–1083 (Fed. Cir. Nov. 26, 1986), the court stated that under certain narrow circumstances, if an action undertaken in administering the CVD laws is *ultra vires*, plaintiff may be

---

1. This provision requiring annual review in all cases was deleted after the time period at issue here. 50 Fed.Reg. 32559 (Aug. 13, 1985). *See* 19 U.S.C. § 1675 (Supp. III 1985).

2. 19 U.S.C. § 1520(c) allows correction of factual or clerical error if Customs is advised of the error within one year of liquidation or exaction. Plaintiff does not argue that no exaction oc-

curred. Its argument is limited to the "nonexistence" of liquidation.

3. The liquidations in *Deringer* were as "illegal" or "ultra vires" as the ones at issue here.

4. Sections 1581(i) and 1585 were not in effect at the time of *Deringer*.

relieved of its duty to participate in the administrative proceedings required for 28 U.S.C. § 1581(c) (1982) jurisdiction, but may proceed under section 1581(i). The *Miller* case differs significantly from the one at hand, not because it involves 28 U.S.C. § 1581(c) as opposed to (a), but because the opinion was based on the premise that it would be inappropriate and futile to require plaintiff to appear before an agency which in connection with the issue at hand consciously acted in a patently *"ultra vires"* way. 8 CIT at 286, 598 F.Supp. at 1131. In other words, the administrative remedy would not be legally adequate in such a situation.[5] In this case, it would not have been futile for plaintiff to assert its objection by way of protest. The agency's unauthorized action was both inadvertent and overt and thus should have been protested in 1980.

 Plaintiff argues that as a matter of fact, if not law, it was deprived of its protest right because it was not alerted to look for liquidation at a time when liquidation legally could not occur. The answer is the same as it was in *Deringer*. The importer has the burden to check for posted notices of liquidation and to protest timely. Plaintiff did not make out a case of no valid notice. Accordingly, there is no legally sufficient element of surprise which rendered the normal administrative avenues unavailable here.

The court finds the case of *Star Sales Distributing Corp. v. United States*, 10 CIT ——, 663 F.Supp. 1127 (1986) dispositive.[6] In an almost identical action to the one at hand the court rejected section 1581(i) jurisdiction because, unlike the situation in *National Corn Growers*, the traditional remedies were legally adequate. The court found that there was no basis for granting section 1581(i) jurisdiction merely because section 1581(a) rights had been lost. That case is *stare decisis* here and as the above reasoning indicates, is not clearly erroneous.[7]

Thus, plaintiff is left to its ordinary remedies. It did not file a timely request for reliquidation and its protest, therefore, was validly denied. Plaintiff's attempt to avoid the operation of the administrative statutes of limitation must fail.

For all of the foregoing reasons the court grants defendant's motion for summary judgment.

5. The court reserved decision on whether the action was "patently *ultra vires*," *id.*, and ultimately found it was not. *Miller v. United States*, 10 CIT ——, 648 F.Supp. 9, *appeal docketed*, No. 87–1083 (Fed.Cir. Nov. 26, 1986).

6. Contrary to plaintiff's argument, the concessions made by the parties in *Star Sales* do not distinguish it from the case at hand. As was conceded in *Star Sales*, the court finds here that T.D. 79–158 is the equivalent of a CVD order and both courts assume, at least for the sake of plaintiffs' argument, that Customs acted in an illegal manner in not suspending liquidation.

7. Section 1581(i) jurisdiction also may be unavailable if more than two years have passed following accrual of the cause of action under section 1581(i). *See* 28 U.S.C. § 2636(h) (1982). Actions complaining of illegal acts may be barred by statutes of limitations. *See, e.g., De-Bonis v. United States*, 103 F.Supp. 123 (W.D.Pa. 1952). Exactly when the claim accrues under section 1581(i) is not entirely clear. Accrual may be affected by how the claim is characterized or how pursuit of administrative remedies is viewed. Unlike section 1581(a) jurisdiction, section 1581(i) jurisdiction is not predicated on exhaustion of mandatory administrative remedies. The general rule is that pursuit of permissive administrative remedies does not toll running of the statute of limitation or delay accrual of the cause of action. *See Lipp v. United States*, 157 Ct.Cl. 197, 301 F.2d 674 (1962) *cert. den.* 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963). Exhaustion of such remedies may take so long that the purpose of the statute, that of barring stale claims, is defeated. On the other hand, courts have held that the encouragement of non-judicial resolution of disputes warrants tolling in some instances. *See Galino v. Stoudy Co.*, 793 F.2d 1502, 1510 (9th Cir.1986) (fair representation claim tolled during pursuit of grievance procedures.) Another court defined the same situation as non-accrual of the cause of action. *Adkins v. International Union of Electrical Radio Workers*, 769 F.2d 330, 335–36 (6th Cir.1985). As this issue was not argued by the parties and the court otherwise has found no basis for section 1581(i) jurisdiction, this issue will not be resolved here.