MILLER & COMPANY,
Plaintiff-Appellant,

v.

The UNITED STATES, The United States Department of Commerce, The United States Department of the Treasury and The United States Customs Service, Defendants-Appellees.

No. 87–1083.

United States Court of Appeals, Federal Circuit.

July 29, 1987.

Herbert C. Shelley, Howrey & Simon, Washington, D.C., argued for plaintiff-appellant. With him on the brief were Joel D. Kaufman and Alice A. Kipel.

Elizabeth C. Seastrum, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for defendant-appellee. With her on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and Velta A. Melnbrencis, Asst. Director. Also on the brief were Douglas A. Riggs, Gen. Counsel, M. Jean Anderson, Chief Counsel for Intern. Trade and Andrea E. Migdal, Atty.-Advisor, Office of the Deputy Chief Counsel for Import Admin., U.S. Dept. of Commerce, of counsel.

Before MARKEY, Chief Judge, RICH, Circuit Judge, and BALDWIN, Senior Circuit Judge.

MARKEY, Chief Judge.

Appeal from a decision of the United States Court of International Trade, 648 F.Supp. 9 (1986), dismissing the complaint of Miller & Company (Miller). We affirm.

## BACKGROUND

On April 4, 1980, the International Trade Administration (ITA) of the United States Department of Commerce published a countervailing duty order, 19 U.S.C. § 1303, on pig iron from Brazil. 45 Fed. Reg. 23,045 (1980). On July 7, 1983, the ITA announced its intent to conduct an administrative review of that countervailing duty order for the period of January 1, 1981 through December 31, 1981, as 19 U.S.C. § 1675(a)(1) then required. 48 Fed. Reg. 31,280 (1983). The ITA published its preliminary results on November 30, 1983, inviting comments and requests for hearings from "interested parties." 48 Fed. Reg. 54,091 (1983). The ITA published its final results on March 16, 1984, and directed the Customs Service to assess countervailing duties in excess of the cash deposits already paid on 1981 imports of Brazilian pig iron. 49 Fed.Reg. 9,923 (1984).

Miller, an importer, did not participate in the proceedings in the ITA. After the ITA published its final determination, Miller filed an action in the Court of International Trade challenging that determination and seeking to enjoin its implementation. Miller alleged that, because the ITA did not complete its review within the statutory time period, it lacked authority to enforce its final determination. Miller initially alleged jurisdiction under 28 U.S.C. § 1581(i), but sought to amend its summons to include an assertion of jurisdiction under 28 U.S.C. § 1581(c). The government filed alternative motions for dismissal or summary judgment.

On November 21, 1984, the Court of International Trade denied Miller's motion to amend because Miller had not participated in the proceedings in the ITA, a requirement for judicial review of a countervailing duty order determination under 28 U.S.C. § 1581(c). 598 F.Supp. 1126, 1128–29 (C.I.T.1984) (*Miller I*). The court did not decide at that time whether jurisdiction existed under 28 U.S.C. § 1581(i). The court concluded that 28 U.S.C. § 1581(i) could serve as an avenue of relief "if the ITA's actions were patently *ultra vires* [so that] it would be inappropriate to require [Miller] to appear before it as a prerequisite to judicial review." 598 F.Supp. at 1131. The court reserved decision on the government's motions pending briefing on the "patent violation" question. *Id.*

On October 24, 1986, citing *Ambassador Div. of Florsheim Shoes v. United States*, 748 F.2d 1560 (Fed.Cir.1984) and *Philipp Bros., Inc. v. United States*, 630 F.Supp. 1317 (Ct.Int'l Trade 1986), *appeal dismissed*, No, 86–1122 (Fed.Cir. July 18, 1986), the Court of International Trade ruled that the ITA had not acted beyond its authority in issuing its final determination after the statutory time period. Having thus exercised its jurisdiction in ruling on the merits of Miller's claim, the court nonetheless concluded that it had no jurisdiction under 28 U.S.C. § 1581(i) and dismissed the action.* 648 F.Supp. 9 (C.I.T.1986) (*Miller II*).

## ISSUE

Whether the Court of International Trade erred in dismissing Miller's complaint.

---

* As explained *infra*, the court should have dismissed the complaint because Miller lacked standing. The parties extensively briefed the question of whether the agency acted beyond its authority when it issued its final determination after the statutory time period. Because we affirm in view of Miller's lack of standing, we need not discuss that question. Similarly, we say nothing of challenges to ITA determinations other than those specified in § 516A of the Tariff Act of 1930. *See Ceramica Regiomontana, S.A. v. United States*, 557 F.Supp. 596, 599–600 (Ct.Int'l Trade 1983) (§ 1581(i) conferred jurisdiction over countervailing duty claim outside the scope of 19 U.S.C. § 1516a and 28 U.S.C. § 1581(c)); 28 U.S.C. § 1581(i)(4); H.R.Rep. No. 1235, 96th Cong., 2d Sess. 48, *reprinted in* 1980 U.S.Code Cong. & Admin.News 3729, 3760.

## OPINION

The jurisdiction of the Court of International Trade is set forth in 28 U.S.C. § 1581. Subsections (a)-(h) give that court exclusive jurisdiction over specific types of civil actions. Miller must establish standing under subsection (i), a broad residual jurisdictional provision.

■ Section 1581(i) jurisdiction may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate. *United States v. Uniroyal, Inc.*, 687 F.2d 467, 475 (CCPA 1982) (Nies, J., concurring); *Lowa, Ltd. v. United States*, 561 F.Supp. 441, 446–47 (Ct.Int'l Trade 1983), *aff'd*, 724 F.2d 121 (Fed.Cir. 1984); *see American Air Parcel Forwarding v. United States*, 718 F.2d 1546, 1549–51 (Fed.Cir.1983) (no § 1581(i) jurisdiction where importers could have taken steps to qualify under §§ 1581(a) or (h), and remedies under those subsections would not have been inadequate), *cert. denied*, 466 U.S. 937, 104 S.Ct. 1909, 80 L.Ed.2d 458 (1984); *United States Cane Sugar Refiners' Ass'n v. Block*, 683 F.2d 399, 402 n. 5 (CCPA 1982) ("[T]he delay inherent in proceeding under § 1581(a) makes relief under that provision manifestly inadequate and, accordingly, the court has jurisdiction in this case under § 1581(i)."); *see also Royal Business Mach., Inc. v. United States*, 669 F.2d 692, 701–02 (CCPA 1982) (importers whose § 1581(c) action was untimely could not use § 1581(i) as alternative jurisdictional basis). Where another remedy is or could have been available, the party asserting § 1581(i) jurisdiction has the burden to show how that remedy would be manifestly inadequate. *See American Air Parcel*, 718 F.2d at 1550–51; *Pistachio Group of the Ass'n of Food Indus., Inc. v. United States*, 638 F.Supp. 1340, 1342 (Ct.Int'l Trade 1986).

### I. Availability of a § 1581(c) Cause of Action

Under 28 U.S.C. § 1581(c), the Court of International Trade has exclusive jurisdiction over civil actions commenced under section 516A of the Tariff Act of 1930. However, those civil actions may be brought *only* by an "interested party who was a party to the proceeding in connection with which the matter arose." 28 U.S.C. § 2631(c).

Section 516A of the Tariff Act of 1930, codified at 19 U.S.C. § 1516a, lists the determinations judicially reviewable under 28 U.S.C. § 1581(c) and the requirements for obtaining review:

(a)(2) **Review of determinations on record**

(A) **In general.**—Within thirty days after—

(i) the date of publication in the Federal Register of—

(I) notice of any determination described in clause (ii), (iii), (iv), or (v) of subparagraph (B),

\* \* \* \* \* \*

an interested party who is a party to the proceeding in connection with which the matter arises may commence an action in the United States Court of International Trade by filing a summons, and within thirty days thereafter a complaint, ... contesting any factual findings or legal conclusions upon which the determination is based.

(B) **Reviewable determinations.**—The determinations which may be contested under subparagraph (A) are as follows:

\* \* \* \* \* \*

(iii) A final determination ... under section 1675 of this title.

Administrative reviews of countervailing duty orders, such as the one here at issue, are final determinations under 19 U.S.C. § 1675.

■ The government argues that Miller's cause of action, because it challenges a determination listed in 19 U.S.C. § 1516a, falls under 28 U.S.C. § 1581(c). Miller says, "This position totally ignores the gravamen of Miller's argument—what is being challenged here is *not* the factual findings or legal conclusions upon which the ITA's final results are based, rather it is ITA's authority to continue the review and publish the results after the expiration of the

[statutory] time limits...." Miller argues that its present action does not fall under 28 U.S.C. § 1581(c) because actions under § 1581(c) are brought to challenge the merits of an ITA countervailing duty determination. We disagree. Under 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a, the procedural correctness of a countervailing duty determination, as well as the merits, are subject to judicial review. *Montgomery Ward & Co. v. Zenith Radio Corp.*, 673 F.2d 1254, 1260 (CCPA), *cert. denied*, 459 U.S. 943, 103 S.Ct. 256, 74 L.Ed.2d 200 (1982); *see American Air Parcel*, 718 F.2d at 1551 ("[T]he issue of violation of a regulation can be raised in a protest and subsequent civil action [under 28 U.S.C. § 1581(a)].").

 Moreover, as the Court of International Trade said in *Miller I,* 598 F.Supp. at 1128, Miller's challenge to the period for which the ITA may assess excess duties pursuant to its countervailing duty order involves a legal conclusion. As such it is specifically reviewable under 19 U.S.C. § 1516a(a)(2)(A) and, therefore, under 28 U.S.C. § 1581(c). It is undisputed, however, that Miller did not participate in the administrative proceedings in the ITA, and thus, under 19 U.S.C. § 1516a(a)(2)(A) and 28 U.S.C. § 2631(c), Miller did not have standing to bring an action under 28 U.S.C. § 1581(c).

## II. *Manifest Inadequacy*

Lacking standing to bring its action under § 1581(c), Miller bears the burden of establishing its standing to bring its action under § 1581(i), and, to do that, it must show that if it had availed itself of the remedy under § 1581(c), that remedy would have been manifestly inadequate.

 Miller says it has suffered "the illegal deprivation of its property and resulting harm arising from the unlawful exercise of government authority." However, mere allegations of financial harm, or assertions that an agency failed to follow a statute, do not make the remedy established by Congress manifestly inadequate. *American Air Parcel*, 718 F.2d at 1550–51.

 Persuasive of the adequacy of the § 1581(c) remedy is that another importer of Brazilian pig iron used it. In *Philipp Bros., Inc. v. United States*, 630 F.Supp. 1317 (Ct.Int'l Trade 1986), *appeal dismissed*, No, 86–1122 (Fed.Cir. July 18, 1986), an importer who had participated in the ITA proceedings, 630 F.Supp. at 1320 n. 3, brought an action under 28 U.S.C. § 1581(c) challenging the ITA's final determination. Among the importer's arguments was the one Miller makes here, that the ITA lacked authority to enforce its final determination because it did not complete its review within the statutory time period. 630 F.Supp. at 1323–24. That the Court of International Trade decided that issue adversely to the importer does not make a § 1581(c) cause of action manifestly inadequate.

## CONCLUSION

Because Miller did not participate as a party in the ITA proceeding, it lacked standing to invoke the jurisdiction granted the Court of International Trade under 28 U.S.C. § 1581(c). Miller's action falls clearly under § 1581(c). Because Miller has not shown the remedy available under § 1581(c) to be manifestly inadequate, Miller has failed to establish its standing to invoke the jurisdiction granted the Court of International Trade under 28 U.S.C. § 1581(i).

Accordingly, we affirm the dismissal of Miller's complaint.

AFFIRMED.