HOSPITAL CORP. OF AMERICA, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 90-02-00095

---

[2] 19 U.S.C. § 1514(a) states:

Except as provided in subsection (b) of this section, section 1501 of this title (relating to voluntary reliquidations), section 1516 of this title (relating to petitions by domestic interested parties), *section 1520 of this title (relating to refunds and errors*, and section 1521 of this title (relating to reliquidations on account of fraud), decisions of the appropriate customs officer, including the legality of all orders and findings entering into the same, as to—
*        *        *        *        *        *        *

(5) the liquidation or reliquidation of an entry, or any modification thereof;

shall be final and conclusive upon all persons (including the United States and any officer thereof) unless a protest is filed in accordance with this section . * * * . (Emphasis added.)

[3] Additionally, plaintiff could not come in under subsections (b)-(h) since none of those subsections is applicable to this matter.

(Dated October 5, 1990)

*Ober, Kaler, Grimes & Shriver (John F. Morkan., III)* for plaintiff.

*Stuart M. Gerson*, Assistant Attorney General; *Joseph I. Liebman*, Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*James A. Curley*); of counsel: *Karen P. Binder*, Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs Service, for defendant.

## MEMORANDUM OPINION

TSOUCALAS, *Judge*: This case pertains to an action by plaintiff, Hospital Corporation of America ("HCA"), to recover interest on a duty refund paid by the United States Customs Service ("Customs"). Defendant has petitioned the Court to dismiss the case pursuant to Rule 12(b) of the rules of this Court, contending the Court lacks jurisdiction over the subject matter since plaintiff failed to exhaust its administrative remedies. Plaintiff asserts that it could not have protested Customs' failure to pay interest on the refund because the payment of interest is not a protestable issue.

The merchandise at issue is known as a lithotripter, which is a medical device used in the treatment of kidney stones. Prior to entry of the goods, Customs classified the lithotripter as an electro-surgical apparatus, under item 709.15, Tariff Schedules of the United States ("TSUS"), and required plaintiff to deposit estimated duty for all the entries pursuant to 19 U.S.C. § 1505(c) (1988). Plaintiff complied, but protested the classification under 19 U.S.C. § 1514 (a) (1988), seeking instead to have the goods classified as "electro-medical apparatus, * * * other" under item 709.17, TSUS, which carries a lower rate of duty.

In January 1988, after plaintiff's protests had been filed, Customs determined that lithotripters should have been classified under item 709.17, TSUS, the classification which plaintiff had sought. Thereafter, Customs granted the protests and reliquidated the entries under item 709.17, TSUS. In accordance with the reliquidation, Customs refunded to plaintiff the difference between what HCA initially paid in estimated duties under item 709.15, TSUS, and what HCA ultimately was found to owe under item 709.17, TSUS. However, Customs did not pay interest on the excess duty. *See* 19 U.S.C. § 1520(d) (1988).[1]

Plaintiff then brought the present action to recover interest on the excess duty paid, invoking the Court's broad residual jurisdiction under 28 U.S.C § 1581(i) (1988). Defendant claims that the Court's jurisdiction under § 1581(i) cannot be invoked because there was another remedy available to plaintiff under § 1581(a) which was not manifestly inadequate.

As this Court stated in *Dornier Medical Systems, Inc. v. United States*, 14 CIT 686, Slip Op. 90-99 (October 4, 1990), the payment or nonpayment of interest by Customs pursuant to 19 U.S.C. § 1520(d) (1988) is not a protestable issue. Since no protest could be brought, the Court's

---

[1] The issue of whether Customs owes interest on the additional duty has not been settled and is currently before the Court in *Kalan, Inc. v. United States*, Court No. 88-08-00688.

jurisdiction under 28 U.S.C. 1581(a) could not be triggered. Plaintiff's only recourse, therefore, was to bring suit pursuant to 28 U.S.C. § 1581(i), which grants this Court residual jurisdiction where "the case directly relates to the proper administration and enforcement of an international trade law" and no other basis for jurisdiction is available or the basis that is available will yield a remedy which is manifestly inadequate. *Norcal/Crosetti Foods, Inc. v. United States Customs Service*, 14 CIT 69, 70–71,731 F. Supp. 510, 512 (1990); *National Corn Growers Ass'n v. Baker*, 840 F.2d 1547, 1555 (Fed. Cir. 1988); *Miller & Co. v. United States*, 824 F.2d 961, 963 (Fed. Cir. 1987), *cert. denied*, 484 U.S. 1041 (1988); *United States v. Uniroyal*, Inc., 69 CCPA 179, 184, 687 F.2d 467, 472 (1982).

The Court adheres to its ruling in *Dornier* and finds that plaintiff had no recourse but to raise the Court's residual jurisdiction. Hence, jurisdiction under § 1581(i) was properly invoked by plaintiff. Accordingly, defendant's motion to dismiss for lack of jurisdiction is denied.