SCHUMPERT MEDICAL CENTER, INC., PLAINTIFF *v.*
UNITED STATES, DEFENDANT

Court No. 90-02-00097

(Dated October 12, 1990)

*Ober, Kaler, Grimes & Shriver (John F. Morkan III)* for plaintiff.
*Stuart M. Gerson,* Assistant Attorney General; *Joseph I. Liebman,* Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(James A. Curley);* of counsel: *Karen P. Binder,* Office of Assistant Chief Counsel, International Trade Litigation, U.S. Customs Service, for defendant.

### MEMORANDUM OPINION

TSOUCALAS, *Judge*: This case pertains to an action by plaintiff, Schumpert Medical Center, Inc. ("Schumpert"), to recover interest on a duty refund paid by the United States Customs Service ("Customs"). Defendant moves this court, pursuant to Rule 12(b) of the rules of this Court, for an order dismissing this action on the grounds that this court lacks jurisdiction over the subject matter of this action. Plaintiff asserts that it could not have protested Customs' failure to pay interest on the refund because the payment of interest is not a protestable issue.

The merchandise at issue is known as a lithotripter, which is a medical device used in the treatment of kidney stones. Prior to entry of the

goods, Customs classified the lithotripter as an electro-surgical apparatus, under item 709.15, Tariff Schedules of the United States ("TSUS"), and required plaintiff to deposit estimated duty for all the entries. In order to have its merchandise released, plaintiff complied but protested the classification under 19 U.S.C. § 1514(a) (1988), seeking instead to have the goods classified as "electro-medical apparatus, * * * other" under item 709.17, TSUS, which carries a lower rate of duty.

In January 1988, after plaintiff's protests had been filed, Customs determined that lithotripters should have been classified under item 709.17, TSUS, the classification which plaintiff had sought. Thereafter, Customs granted the protests and reliquidated the entries under item 709.17, TSUS. In accordance with the reliquidation, Customs refunded to plaintiff the difference between what Schumpert initially paid in estimated duties under item 709.15, TSUS, and what Schumpert ultimately was found to owe under item 709.17, TSUS. However, Customs did not pay interest on the excess duty. See 19 U.S.C. § 1520(d) (1988).[1]

Plaintiff then brought the present action to recover interest on the excess duty paid, invoking the Court's broad residual jurisdiction under 28 U.S.C § 1581(i) (1988). Defendant claims that the Court's jurisdiction under § 1581(i) cannot be invoked because there was another remedy available to plaintiff under § 1581(a) which was not manifestly inadequate.

As this Court stated in *Dornier Medical Systems, Inc. v. United States*, 14 CIT 686, Slip Op. 90-99 (October 4, 1990), the payment or nonpayment of interest by Customs pursuant to 19 U.S.C. § 1520(d) (1988) is not a protestable issue. Since no protest could be brought, the Court's jurisdiction under 28 U.S.C. § 1581(a) could not be triggered. Plaintiff's only recourse, therefore, was to bring suit pursuant to 28 U.S.C. § 1581(i), which grants this Court residual jurisdiction where "the case directly relates to the proper administration and enforcement of an international trade law" and no other basis for jurisdiction is available or the basis that is available will yield a remedy which is manifestly inadequate. *Norcal/Crosetti Foods, Inc. v. United States Customs Service*, 14 CIT 69, 70, 731 F. Supp. 510, 512 (1990); *National Corn Growers Ass'n v. Baker*, 840 F.2d 1547, 1555 (Fed. Cir. 1988); *Miller & Co. v. United States*, 824 F.2d 961, 963 (Fed. Cir. 1987), *cert. denied*, 484 U.S. 1041 (1988); *United States v. Uniroyal, Inc.*, 69 CCPA 179, 184, 687 F.2d 467, 472 (1982).

The Court adheres to its ruling in *Dornier* and its companion cases[2], and finds that plaintiff had no recourse but to raise the Court's residual jurisdiction. Hence, jurisdiction under § 1581(i) was properly invoked by plaintiff. Accordingly, defendant's motion to dismiss for lack of jurisdiction is denied.

---

[1] The issue of whether Customs owes interest on the additional duty has not been settled and is currently before the Court in *Kalan, Inc. v. United States*, Court No. 88-08-00688.

[2] *See also Hospital Corporation of America v. United States*, 14 CIT 689, Slip Op. 90-100 (October 5, 1990) and *ESWL Limited Partnership v. United States of America*, 14 CIT 691, Slip Op. 90-101 (October 5, 1990).