SEASIDE FOOD, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 97-01-00052

(Dated February 10, 1997)

*Peter S. Herrick* for plaintiff, Seaside Food, Inc.
*Frank W. Hunger*, Assistant Attorney General; *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Amy Rubin)*; of counsel: *Mark G. Nackman*, Office of Assistant Chief Counsel, U.S. Customs Service, for defendant.

### OPINION

TSOUCALAS, *Senior Judge:* Plaintiff, Seaside Food, Inc. ("Seaside"), moves this Court for an Order to Show Cause pursuant to Rule 7(e) of the Rules of this Court. Specifically, plaintiff seeks to require defendant to show cause as to why the merchandise imported by Seaside, certain food products, should not be immediately released into the United States.[1] Defendant cross-moves to dismiss this action for lack of jurisdiction pursuant to Rule 12 of the Rules of this Court.

---

[1] Plaintiff does not describe the merchandise at issue in either its motion to show cause or its complaint. At oral argument held on February 4, 1997, plaintiff stated that the subject merchandise includes rice sticks and fish sauce.

## BACKGROUND

Seaside entered food products at the Port of San Francisco in November of 1996. The merchandise was presented for examination to the United States Customs Service ("Customs") on November 25, 1996. The goods were deemed detained on November 30, 1996.[2] On December 12, 1996, Customs notified plaintiff of the detention, prompting plaintiff to file a protest on December 19, 1996. The goods were deemed excluded on December 26, 1996,[3] and seized on January 3, 1997, notice of which was issued on January 14, 1997. Plaintiff filed a summons and complaint in this Court on January 14, 1997.

## DISCUSSION

Plaintiff filed its complaint prematurely thereby depriving the Court of jurisdiction over this action. In its complaint, plaintiff cites 28 U.S.C. § 1581(a) (1994), 28 U.S.C. § 1581(i)(3) (1994)[4], 19 U.S.C. § 1499(c) (1994) and 19 U.S.C. § 1514(a)(4) (1994)[5] as bases for the Court's jurisdiction. Compl. ¶1. Section 1581(a), Title 28, United States Code, grants the Court "exclusive jurisdiction of any civil action commenced to contest the denial of a protest."

At the time of the complaint, Customs had not taken any action regarding the protest. Plaintiff claims Customs' failure to allow or deny the protest should be deemed a denial of the protest under 19 U.S.C. § 1499(c)(5)(B). *See* Compl. ¶7. Section 1499(c)(5)(B) states that for purposes of 28 U.S.C. § 1581, "a protest against the decision to exclude the merchandise which has not been allowed or denied in whole or in part before the 30th day after the day on which the protest was filed shall be treated as having been denied on such 30th day." Plaintiff filed the protest on December 19, 1996. The protest could not be deemed denied until January 18, 1997, the 30th day after the day on which the protest was filed. Plaintiff filed the present action on January 14, 1997, four days prior to the date the protest could be treated as denied. As a result of plaintiff's premature filing of this action, the Court lacks jurisdiction under 28 U.S.C. § 1581(a).

Plaintiff also cites 28 U.S.C § 1581(i)(3) as a basis for jurisdiction. Section 1581(i) is a residual basis for jurisdiction, and cannot provide the basis for jurisdiction simply because plaintiff failed to satisfy the re-

---

[2] 19 U.S.C. § 1499(c)(1) (1994) provides the following guidelines regarding detentions of merchandise:

Within the 5-day period (excluding weekends and holidays) following the date on which merchandise is presented for customs examination, the Customs Service shall decide whether to release or detain the merchandise. Merchandise which is not released within such 5-day period shall be considered to be detained merchandise.

[3] 19 U.S.C. § 1499(c)(5)(A) states the following regarding exclusion:

The failure by the Customs Service to make a final determination with respect to the admissibility of detained merchandise within 30 days after the merchandise has been presented for customs examination, or such longer period if specifically authorized by law, shall be treated as a decision of the Customs Service to exclude the merchandise for purposes of section 1514(a)(4) of this title.

[4] 28 U.S.C. § 1581(i)(3) grants the Court exclusive jurisdiction over any civil action filed against the United States arising out of any law of the United States providing for "embargoes or other quantitative restrictions on the importation of merchandise for reasons other than the protection of the public health or safety."

[5] 19 U.S.C. § 1514(a)(4) states that decisions of Customs regarding "the exclusion of merchandise from entry or delivery" shall be "final and conclusive * * * unless a protest is filed * * * or unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade * * *."

quirements of another asserted basis of jurisdiction. Plaintiff cannot use section 1581(i) as a means to circumvent the requirements of section 1581(a). *See Miller & Co. v. United States*, 824 F.2d 961, 963 (Fed. Cir. 1987), *cert. denied*, 484 U.S. 1041 (1988). Furthermore, the language of the complaint regarding Customs alleged denial of the protest indicates that plaintiff intended this action to be an appeal of a denial of a protest. *See* Compl. ¶7. Section 1581(a) provides an adequate avenue for contesting the denial of a protest which plaintiff could have taken by filing the complaint four days later.

### CONCLUSION

For the foregoing reasons, plaintiff's motion for an Order To Show Cause is denied. The Court concludes that it does not possess jurisdiction over this action and, therefore, grants defendant's motion to dismiss. Accordingly, this case is dismissed.