**A.N. DERINGER, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

No. 85–06–00842.

United States Court of
International Trade.

Oct. 11, 1989.

Barnes, Richardson & Colburn (Sandra Liss Friedman and James S.O'Kelly), New York City, for plaintiff.

Stuart E. Schiffer, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice (Elizabeth C. Seastrum, Washington, D.C., and Velta Melnbrencis, New York City), of counsel: Matthew Jaffe, Attorney–Advisor, U.S. Department of Commerce, International Trade Administration, Washington, D.C., for defendant.

## MEMORANDUM OPINION

TSOUCALAS, Judge:

Defendant moves for summary judgment, pursuant to Rule 56 of the Rules of the United States Court of International Trade (USCIT), dismissing this action for lack of subject matter jurisdiction or, alternatively, for failure to state a claim upon which relief can be granted. Plaintiff opposes the motion arguing that the Court has jurisdiction over this action under 28 U.S.C. § 1581(a) (1982), and that there are material facts in dispute.[1]

### Background

The genesis of the current dispute is the June 9, 1972 publication by the Secretary of the Treasury of a finding of dumping with respect to fish netting of manmade fibers (FNMF) from Japan. 37 Fed.Reg. 11,560. On March 10, 1975, August 27, 1975, and February 26, 1979, plaintiff made entries of certain Japanese-made FNMF which was first shipped from Japan to Canada, and then imported from Canada to the United States. No administrative action was taken with respect to the subject dumping finding of the Secretary of the Treasury until after January 1, 1980, the effective date of the Trade Agreements Act of 1979.

The Trade Agreements Act of 1979 transferred the responsibility for determining the applicable antidumping duties from the Department of Treasury to the Department of Commerce, International Trade Administration (Commerce). The Act also authorized Commerce to conduct annual reviews of underlying dumping findings. See 19 U.S.C. § 1675(a) (1982 & Supp. V 1987). Commerce published a notice in the Federal Register on March 28, 1980, that it was conducting an administrative review of the dumping finding of the Secretary of the Treasury concerning FNMF from Japan. 45 Fed.Reg. 20,511.

The preliminary phase of the administrative review covered twenty-one manufacturing and twenty-five non-manufacturing exporters of FNMF from Japan to the United States. 46 Fed.Reg. 25,118 (May 5, 1981). Based on the comments made by interested parties, Commerce revised certain preliminary findings and stated that "the review covers 74 of the 81 known

1. Plaintiff's contention that the defendant improperly styled the motion for summary judgment as a motion to dismiss is erroneous and therefore does not merit discussion. See Rule 12(b) of the Rules of the USCIT.

manufacturers, exporters, and third-country resellers of" Japanese fish netting of manmade fibers to the United States. 47 Fed.Reg. 57,546 (Dec. 27, 1982). The covered third-country resellers included Gourock Division, Wire Rope Industry, Ltd., and Industrial Marine Products, the companies from which the plaintiff purchased the Japanese-made fish netting in question. *Id.* at 57,549.

The notice of final review determination was published on September 22, 1983. 48 Fed.Reg. 43,210. The final weighted-average dumping margins for Gourock Division, Wire Rope Industry, Ltd., and Industrial Marine Products ranged from 4.30% to 18.30%. *Id.* at 43,212. Commerce directed the United States Customs Service (Customs) to assess antidumping duties on entries of FNMF from Japan in accordance with the final results of the administrative review.

Customs liquidated the subject three entries of fish netting on March 30, 1984, April 6, 1984, and April 20, 1984. Plaintiff protested against Commerce's assessment of antidumping duties, as provided under 19 U.S.C. § 1514 (1982 & Supp. V 1987). Customs denied plaintiff's protests. Plaintiff initiated this action pursuant to 28 U.S.C. § 1581(a), the jurisdictional statute which grants this Court exclusive jurisdiction over actions challenging denial of protests.

Presently, defendant seeks dismissal of the action arguing that judicial review of the final results of an administrative review, which was made pursuant to 19 U.S.C. § 1675(a), may occur only under 28 U.S.C. § 1581(c) (1982). Plaintiff contends that an exception exists under the Transitional Rules, section 1002(b)(3) of Title X of the Trade Agreements Act of 1979, Pub.L. 96–39, 93 Stat. 307, and that the case at bar falls within the excepted circumstances.

## Discussion

■ The Transitional Rules provide two means for obtaining judicial review of certain countervailing and antidumping duty determinations.

(3) CERTAIN COUNTERVAILING AND ANTIDUMPING DUTY ASSESS-

MENTS.—The amendments made by this title shall apply with respect to the review of the assessment of, or failure to assess, any countervailing duty or antidumping duty on entries subject to a countervailing duty order or antidumping finding if the assessment is made after the effective date. If no assessment of such duty had been made before the effective date that could serve the party seeking review as the basis of a review of the underlying determination, made by the Secretary of the Treasury or the International Trade Commission before the effective date, on which such order, finding, or lack thereof is based, then the underlying determination shall be subject to review in accordance with the law in effect on the day before the effective date.

According to the statute, actions against certain determinations must be initiated pursuant to 19 U.S.C. § 1516a (1982 & Supp. V 1987) and 28 U.S.C. § 1581(c) within thirty days of the date the determinations are published in the Federal Register. These determinations include: (1) *antidumping finding* made after January 1, 1980, and (2) *assessment of antidumping duty* where the entries subject to antidumping finding were assessed with duty after January 1, 1980, regardless of when the antidumping finding was made.

With respect to challenges against *antidumping findings made before January 1, 1980*, for which the antidumping duty was assessed after January 1, 1980, judicial review must take place "in accordance with the law in effect on the day before the effective date" of the Trade Agreements Act of 1979. Section 1002(b)(3) of Title X of the Trade Agreements Act of 1979. The law before January 1, 1980 provided that a suit challenging an antidumping finding did not become ripe upon the notice of publication of such finding. Rather, the complainant had to wait until entry of the covered merchandise was liquidated, or assessed with duty, and then protest that liquidation as well as the underlying antidumping finding pursuant to 19 U.S.C. § 1514. If the protest was denied, as provided in 19

U.S.C. § 1515 (1982), then such denial may be challenged pursuant to 28 U.S.C. § 1581(a).[2] *See generally Alsthom Atlantique v. United States,* 787 F.2d 565 (Fed. Cir.1986).

In this case, it was erroneous for the plaintiff to initiate the suit pursuant to 28 U.S.C. § 1581(a) because one of the three requirements for invoking this jurisdictional statute is not present. These three requirements are: (1) the antidumping finding in question occurred before January 1, 1980, (2) no assessment of duty subject to that finding was made by January 1, 1980, and (3) the assessment of duty is used as the basis for challenging the underlying dumping finding. *See Nichimen America, Inc. v. United States,* 13 CIT ——, 719 F.Supp. 1106, (1989), *notice of appeal filed* (Fed.Cir. Sept. 27, 1989). The subject antidumping finding of the Secretary was made in 1972, and the assessment of antidumping duty subject to the antidumping finding did not occur until 1984. Nevertheless, the proper basis of this action is 28 U.S.C. § 1581(c), and not 28 U.S.C. § 1581(a), because plaintiff's conflict is with the 1984 assessment of duty by Commerce on Japanese-made fish netting imported from Canada, rather than with the 1972 antidumping finding of the Secretary of the Treasury concerning FNMF from Japan.[3]

Plaintiff's assertions that its grievance is against the 1972 antidumping finding of Treasury lack substance. A challenge is against Treasury's antidumping finding if Treasury had specifically included the merchandise in question within the purview of its antidumping determination. *See Alsthom Atlantique,* 787 F.2d at 569. Conversely, the complainant contests the determination of Commerce if it was Commerce which determined that the merchandise in question was within the scope of Treasury's antidumping finding. *Id.* at 570.

■ In this case, it was *Commerce* which decided to include Japanese-made fish netting from third countries in the administrative review of the antidumping duty order. The Secretary of the Treasury did not specifically include Japanese-made fish netting from third countries within the scope of the antidumping duty order; the Secretary "determined that fish nets and netting of manmade fibers from Japan are being, or are likely to be, sold at less than fair value." 37 Fed.Reg. at 11,560. Commerce possesses the exclusive authority to clarify and delineate the scope of an antidumping finding. *See Gold Star Co. v. United States,* 13 CIT ——, 692 F.Supp. 1382 (1988), *aff'd sub nom Samsung Electronics Co. v. United States,* 873 F.2d 1427 (Fed.Cir.1989); *Diversified Prods. Corp. v. United States,* 6 CIT 155, 572 F.Supp. 883 (1983). Therefore, plaintiff's complaint about the applicability of Treasury's order to the subject Japanese-made fish netting imported from Canada is, in effect, an attack on the authority of Commerce to define and clarify the scope of the underlying dumping finding. Such grievance is reviewable in this Court only pursuant to 28 U.S.C. § 1581(c).

■ Plaintiff's attempt to characterize this action as a challenge against Treasury's dumping finding stems from the fact that plaintiff is precluded from challenging the assessment of antidumping duties. Only "an interested party who is a party to the proceeding in connection with which the matter arises," i.e., the administrative review of the antidumping duty order, may bring an action to challenge the results of

---

2. The purpose of making previously applicable protest procedure available is "to ensure that determinations which are made prior to the effective date of the [Trade Agreements Act of 1979], and therefore are not reviewable in accordance with the [new judicial review procedures], do not escape review entirely." H.R. Rep. No. 96–317, 96th Cong., 1st Sess. 183 (1979); *see also* S.Rep. No. 96–249, 96th Cong., 1st Sess 255–56 (1979), *reprinted in* U.S.Code Cong. & Admin.News 381, 641–42.

3. Plaintiff failed to show that the remedy provided under 28 U.S.C. § 1581(c) would be manifestly inadequate. Therefore, plaintiff may not invoke the residual jurisdiction under 28 U.S.C. § 1581(i). *Miller & Co. v. United States,* 824 F.2d 961 (Fed.Cir.1987), *cert. denied* —— U.S. ——, 108 S.Ct. 773, 98 L.Ed.2d 859 (1988).

the proceeding. 28 U.S.C. § 2631(c) (1982); 19 U.S.C. § 1516a(a)(2)(A). Having failed to participate in the administrative review of the antidumping duty order, plaintiff is precluded from contesting its outcome.

Moreover, plaintiff was on notice of the administrative review. Under 19 U.S.C. § 1675(a), Commerce is required to give notice in the Federal Register announcing commencement of administrative review. This announcement cannot be made in the same notice which announces the final determination and order if it does not adequately apprise the interested parties as to the specific date for the initiation of a review. *See Hide–Away Creations, Ltd. v. United States,* 6 CIT 310, 577 F.Supp. 1021 (1983). Here, Commerce published separate notice in the Federal Register announcing initiation of administrative review concerning FNMF from Japan. Therefore, Commerce gave proper Federal Register notice consistent with 19 U.S.C. § 1675(a), notwithstanding plaintiff's assertions to the contrary.

Although this notice announced that the review will cover FNMF from Japan and did not specifically mention Japanese-made FNMF which are imported to the United States through Canada, any doubt in this regard should have been dispelled even before the commencement of the review. When plaintiff made the entries in question, on March 10, 1975, August 27, 1975, and February 26, 1979, liquidation was suspended for purposes of assessing antidumping duties pursuant to Treasury's 1972 finding. "At approximately the time of their entry, Customs notified the [plaintiff] that antidumping duties would be assessed on the entries and required the [plaintiff] to sign a certificate attesting that [it] had not received the payment or refunding of any antidumping duties from the manufacturer, producer, seller, or exporter." Defendant's Statement Pursuant to Rule 56(i) of Material Facts as to which There Is No Genuine Issue to be Tried at para. 7; *see also* Plaintiff's Statement Pursuant to Rule 56(c) of Material Facts as to which There Is A Genuine Issue to be Tried at para. 1.

It is disingenuous for the plaintiff to maintain that it was not afforded an opportunity to participate in the administrative review. Upon announcing the revised preliminary results, including the conclusion that the third-country resellers of FNMF from Japan are covered in the review, Commerce requested written comments from interested parties. 47 Fed.Reg. at 57,549. Plaintiff failed to respond even after this specific solicitation by Commerce for comments.

### Conclusion

For the foregoing reasons, the Court finds that the United States is entitled to judgment dismissing this action for lack of subject matter jurisdiction. Therefore, this action is hereby dismissed. SO ORDERED.