**POTTER–ROEMER, INC., Plaintiff,**

v.

**The UNITED STATES, et al., Defendants.**

**Court No. 88–08–00690.**

United States Court of International Trade.

Dec. 2, 1988.

---

3.  *See* Stipulation of Agreed Statement of Facts, para. 9 and Plaintiff's Exhibit 2; Tr. at 42.

Stein Shostak Shostak & O'Hara, Robert Glenn White, Los Angeles, Cal., for plaintiff.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, A. David Lafer, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendants.

Stewart and Stewart, Eugene L. Stewart, Terence P. Stewart and James R. Cannon, Jr., Washington, D.C., for intervenor.

## MEMORANDUM OPINION AND ORDER

RESTANI, Judge:

This matter is before the court on motion for injunction pending appeal. Defendants oppose the injunction on the ground that there is no substantial question for appeal, as evidenced by the court's "summary" dismissal of the action. The court dismissed this action after reading the briefs of the parties, hearing oral arguments and considering the matter. The court made its findings of fact and conclusions of law on the record from the bench. Lack of a written opinion should not be perceived as an indication that no substantial question is raised; the oral opinion sets forth all that is required by law to dispose of the question raised, substantial or not.

This court found lack of jurisdiction to hear plaintiff's complaint under 28 U.S.C. § 1581(i). The applicable law on jurisdiction has been set forth numerous times by this court and the Court of Appeals. Only if plaintiff's remedies under 28 U.S.C. §§ 1581(a-h) (1982) are inadequate may plaintiff resort to § 1581(i). *See, e.g., Miller & Co. v. United States,* 824 F.2d 961, 963 (Fed.Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 773, 98 L.Ed.2d 859 (1988). Plaintiff would have had a remedy under § 1581(c) had it satisfied the statutory requirement of participation in the agency proceedings. It did not do so and thus could not avail itself of such remedy. Plaintiff's argument is that it had inadequate notice to participate in the administrative proceedings so as to satisfy the statutory standing requirement that is a predicate to § 1581(c) jurisdiction. *See* 19 U.S.C. § 1516a(a)(2) (1982). Thus, plaintiff argues, through the failure of ITA, not plaintiff, § 1581(c) was rendered an inadequate remedy.

The court set forth, in some detail, in its oral opinion exactly why it concluded that plaintiff had received adequate notice, citing the language of the preliminary determination and explaining its context. The court adheres to that opinion. The court does not, however, find plaintiff's challenge frivolous. The notice is somewhat difficult to interpret, especially for a lay person. The court has concluded, however, that the Government is permitted to assume some knowledge, on the part of noticees, of the antidumping laws, and that all terms need not be explained in detail. Nonetheless, it is inappropriate at this stage in the litiga-

tion for the court to rely too heavily upon the factor of whether success on appeal is likely, as such reliance would virtually prevent injunction pending appeal in all cases. In order to decide whether or not to grant an injunction pending appeal, the court also must examine the remaining three factors normally applicable to the granting of injunctive relief.

The court is mindful of *Zenith Radio Corp. v. United States,* 710 F.2d 806, 810 (Fed.Cir.1983). As in *Zenith,* the substantive issue here arises out of an annual review proceeding. If liquidation of the reviewed entries occurs, the Court of Appeals will lose jurisdiction to hear the appeal, because the action would be rendered moot. Liquidation in such a case constitutes irreparable harm. *Id.*

■ It is also apparent that the administrative decision which plaintiff seeks to challenge is one which will result in increased duties to plaintiff over and above that which is currently on deposit. As the government will be prevented from collecting amounts owing if liquidation is enjoined, the balance of hardships would tip in defendants' favor. This may be avoided if adequate security is posted. Posting of security will eliminate virtually any hardship to defendants. This will also satisfy the public interest of protection of anti-dumping duty collections. As the factors of irreparable harm, balance of hardships and the public interest do not favor denial of the injunction, the court believes it would be inappropriate to jeopardize plaintiff's access to appellate review merely because this court believes its ruling is correct. Injunction of liquidation of the entries listed on the Attachment A hereto, pending appeal, will be effective upon posting of security adequate to cover the entire amount potentially owing on the listed entries.

After consultation with the parties the court has determined that a letter of credit in the amount of $345,000 will adequately secure defendants against any harm. Injunction shall be effective as to the United States and its officials twenty-four hours after receipt of notification that the letter of credit is filed in court.

Attachment A

SCHEDULE

*Port of Los Angeles, California*

| Entry No. | Date of Entry | Importer of Record | Importer No. |
|---|---|---|---|
| 85–128898–7 | 12–11–84 | Potter–Roemer, Inc. | 95–186992100 |
| 85–129472–2 | 06–11–85 | ” | ” |
| 85–129601–8 | 06–26–85 | ” | ” |
| 85–129926–4 | 09–26–85 | ” | ” |
| 85–132114–8 | 12–11–85 | ” | ” |
| 86–132278–1 | 02–05–86 | ” | ” |

*Port of New York*

| Entry No. | Date of Entry | Importer of Record | Importer No. |
|---|---|---|---|
| 85–338544–8 | 04–01–85 | Potter–Roemer, Inc. | 95–186992100 |
| 85–377897–4 | 06–03–85 | ” | ” |
| 85–418619–6 | 07–03–85 | ” | ” |
| 85–418800–0 | 08–29–85 | ” | ” |
| 86–196464–4 | 10–17–85 | ” | ” |