Slip Op. 06-130

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| MUKAND INTERNATIONAL LIMITED and  ISIBARS LIMITED,  Plaintiffs,  v.  UNITED STATES,  Defendant. | Before: Leo M. Gordon, Judge  Court No. 05-00108 |

**OPINION**

[Motion to dismiss granted.]

Dated: August 31, 2006

<u>Miller & Chevalier Chartered</u> (<u>Peter Koenig</u>) for the plaintiffs.

<u>Peter D. Keisler</u>, Assistant Attorney General; <u>David M. Cohen</u>, Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (<u>Patricia M. McCarthy</u> and  <u>Michael Panzera</u>); and Office of Chief Counsel for Import Administration, U.S. Department of Commerce (<u>Ada E. Bosque</u>), of counsel, for the defendant.

Gordon, Judge:  Plaintiffs commenced this action to challenge as unlawful the liquidation instructions issued by the United States Department of Commerce ("Commerce") pursuant to the final results of an administrative review of an antidumping duty order and to void the resulting liquidations.  Defendant moves to dismiss for lack of subject matter jurisdiction pursuant to USCIT R. 12(b)(1) or for failure to state a claim upon which relief can be granted pursuant to USCIT R. 12(b)(5).  Although the Court has subject matter jurisdiction to review plaintiffs' claim under 28 U.S.C. § 1581(i) (2000), plaintiffs have failed to state a claim upon which relief can be granted. Therefore, defendant's motion to dismiss is granted.

## I. Background

On May 26, 2004, the Final Results of the second administrative review of the antidumping duty order covering stainless steel wire rods from India were published in the Federal Register.  Stainless Steel Wire Rods from India, 69 Fed. Reg. 29,923 (Dep't of Commerce May 26, 2004) (final results admin. review) ("Final Results").  Plaintiffs timely sought judicial review of the Final Results by filing a summons and then a complaint pursuant to 28 U.S.C. § 1581(c) (2000) and Section 516a of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a (all further citations to the Tariff Act of 1930 are to the relevant provision in Title 19 of the U.S. Code, 2000 edition).

The following table chronicles the relevant dates and events for plaintiffs' entries:

|    | Event | Date '04 | Days after Federal Register Notice | Days after Liquidation |
|----|-------|----------|-----------------------------------|------------------------|
| 1. | Federal Register Notice | May 26 | 0 | - |
| 2. | Summons Filed | June 25 | 30 | - |
| 3. | Liquidation Instructions Issued | June 30 | 35 | - |
| 4. | Complaint Filed | July 26 | 61 (Mon.) | - |
| 5. | **Liquidation** | **Aug. 9** | **75** | **-** |
| 6. | Consent Motion for Prelim. Injunction Filed | Aug. 31 | 97 | 22 |
| 7. | Injunction Effective | Sept. 19 | 116 | 41 |

As is apparent from the foregoing chart, after liquidation of the subject entries, plaintiffs unwittingly filed a moot consent motion to enjoin liquidation.  Defendant's counsel was equally ignorant about the status of plaintiffs' entries and consented to the

motion, which the prior assigned judge granted, effective September 19, 2004. By that time though, the entries had already been liquidated 41 days earlier on August 9, 2004. Plaintiffs subsequently commenced this action on February 11, 2005. Pending the decision in this case, the previously assigned judge stayed plaintiffs' action challenging the Final Results. Both actions were then transferred to this judge for disposition.

Plaintiffs contend that Commerce's liquidation instructions to United States Customs and Border Protection ("Customs") were unlawful because Commerce may not issue liquidation instructions within the 60-day period established by 19 U.S.C. § 1516a(a)(2)(A) for commencing an action in the Court of International Trade (30 days to file a summons, and 30 days thereafter to file a complaint). Otherwise, plaintiffs argue, Commerce could deprive an interested party of its right to judicial review simply by instructing Customs to liquidate the entries, mooting an action before the expiration of the time allowed to file a summons and complaint and to enjoin liquidation. Accordingly, plaintiffs maintain that liquidations based on unlawful instructions are void.

Defendant, on the other hand, urges the court to hold that the liquidation instructions were lawfully issued, that the liquidations were valid, and that the entries may not be reliquidated.

## II. Standard of Review

Where jurisdiction is challenged, "[p]laintiffs carry the burden of demonstrating that jurisdiction exists." Techsnabexport, Ltd. v. United States, 16 CIT 420, 422, 795 F. Supp. 428, 432 (1992) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). In deciding a USCIT R. 12(b)(1) motion that does not challenge the

factual basis for the complainant's allegations, and when deciding a USCIT R. 12(b)(5) motion to dismiss for failure to state a claim upon which relief can be granted, the court assumes all factual allegations to be true and draws all reasonable inferences in plaintiff's favor. Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583-84 & n.13 (Fed. Cir. 1993); Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995) (subject matter jurisdiction); Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991) (failure to state a claim).

### III. Discussion

### A. Jurisdiction

Defendant invokes the general rule that section 1581(i) jurisdiction attaches only if jurisdiction under another section of 28 U.S.C. § 1581 (2000) is unavailable or manifestly inadequate. See Miller & Co. v. United States, 824 F.2d 961, 963 (Fed. Cir. 1987). Defendant contends that plaintiffs had an available remedy to challenge the liquidations via the protest procedure of 19 U.S.C. § 1514(a)(5), 19 U.S.C. § 1515, and 28 U.S.C. § 1581(a) (2000). Defendant's proposed jurisdictional basis, however, is not responsive to the gravamen of plaintiffs' complaint because the protest procedure of sections 1514 and 1515 applies to decisions of Customs, not Commerce. Plaintiffs' challenge is to an action of Commerce. See Shinyei Corp. of Am. v. United States, 355 F.3d 1297, 1304-05, 1309-10 (Fed. Cir. 2004) ("Because the alleged agency error in [this] . . . case is on the part of Commerce, and not Customs, sections 514 and 515 [of the Tariff Act of 1930] do not apply."); Ugine & ALZ Belgium, N.V. v. United States, 452 F.3d 1289, 1295-96 (Fed. Cir. 2006) ("Belgium"); see also

Mukand Int'l, Ltd. v. United States, 29 CIT __, __, 412 F. Supp. 2d 1312, 1316-17 (2005).

Once Commerce issues liquidation instructions, Customs must liquidate the subject entries "promptly and, to the greatest extent practicable, within 90 days." 19 U.S.C. § 1675(a)(3)(B). Consistent with this statutory obligation, Customs liquidated plaintiffs' entries 40 days after issuance of the instructions. Customs is therefore not the alleged wrongdoer—Commerce is.

Commerce's issuance of liquidation instructions in this case arises from its "administration and enforcement" of an administrative review of an antidumping duty order pursuant to 19 U.S.C. § 1675, a United States law providing for "tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue." 28 U.S.C. § 1581(i)(2) (2000). Therefore, the Court of International Trade's residual jurisdiction provision, 28 U.S.C. § 1581(i) (2000), supplies the requisite jurisdictional basis to review plaintiffs' claim that Commerce's liquidation instructions were unlawful and the resulting liquidations were void. See Shinyei, 355 F.3d at 1304-05, 1309-10; Consol. Bearings Co. v. United States, 348 F.3d 997, 1002 (Fed. Cir. 2003) ("an action challenging Commerce's liquidation instructions is not a challenge to the final results, but a challenge to the 'administration and enforcement' of those final results.").

## B. Failure to State a Claim upon which Relief can be Granted

Defendant argues that plaintiffs fail to state a claim upon which relief can be granted because Commerce's issuance of the liquidation instructions was lawful and the

resulting liquidations were valid. For the following reasons, the court agrees and therefore does not reach defendant's separate contention that the Court of International Trade is powerless to void the liquidations in question.

**Liquidation Instructions and Liquidation**

To facilitate the liquidation of entries covered by the final results of an administrative review, Commerce issues instructions to Customs that include the final antidumping duty assessment rates for those entries. The administrative review statute, 19 U.S.C. § 1675, alludes to the issuance of liquidation instructions, but does not prescribe a specific time for the issuance of instructions or for the corresponding liquidation. See 19 U.S.C. § 1675(a)(3)(B). The instructions, though, do trigger liquidation because Customs must liquidate "promptly and, to the greatest extent practicable, within 90 days after the instructions to Customs are issued." 19 U.S.C. § 1675(a)(3)(B).

Commerce has a policy of issuing liquidation instructions to Customs within 15 days of publication of the final results of an administrative review in the Federal Register. See http://ia.ita.doc.gov/download/liquidation-announcement.html. Although Commerce notified plaintiffs of this policy in the Final Results, 69 Fed. Reg. at 29,925, Commerce did not, in fact, follow the policy. Commerce waited 35 days after publication of the Final Results to issue the instructions.

Relying on Tianjin Mach. Imp. & Exp. Corp. v. United States, 28 CIT __, 353 F. Supp. 2d 1294 (Oct. 4, 2004), plaintiffs argue that Commerce's policy is not in accordance with law because section 1516a forbids Commerce from issuing liquidation

instructions until the combined 60-day time period to commence an action has lapsed.

Tianjin stated:

> On its face, then, § 1516a(2)(A) allows a plaintiff to wait thirty days before filing its summons, and to wait an additional thirty days before filing its complaint. The fact that a party could file both its summons and complaint within fifteen days is immaterial. Because Commerce's fifteen-day liquidation policy directly contravenes the time frame established by § 1516a(2)(A) for filing a summons and a complaint, the Court finds that Commerce's new policy is not in accordance with law.

Tianjin, 28 CIT at __, 353 F. Supp. 2d at 1309 (emphasis in original) (footnotes omitted).

Plaintiff's argument is unavailing. Tianjin's pronouncement that the 15-day liquidation policy is unlawful does not benefit plaintiffs in this case because, as noted, Commerce did not follow the policy. More important, to the extent that Tianjin instructs that Commerce may not issue liquidation instructions within the 60-day period because parties are entitled to wait the full period to perfect their cause of action, plaintiffs here were able to wait the full 60-day period. At the end of that period, plaintiffs had perfected their cause of action and were in court with unliquidated entries. Plaintiffs must therefore rely on the implication that their injunction would have been in place before liquidation if Commerce had waited the full 60-day period to issue the instructions. But even if Commerce waited 61 days to issue the instructions (and Customs liquidated the entries in the same 40 days)—the entries would have been liquidated 101 days after publication, 15 days before the injunction became effective. Under those circumstances, plaintiffs would still have found themselves in the same predicament—without unliquidated entries.

The real problem for plaintiffs is not the instructions.  The real problem is the resulting liquidations.  Liquidation, which is the final computation or ascertainment of duties on an entry,[1] is important in the antidumping context because, as a general matter, once it occurs, an interested party's cause of action is mooted by loss of the underlying entries.  See Zenith Radio Corp. v. United States, 710 F.2d 806, 810 (Fed. Cir. 1983) ("[o]nce liquidation occurs, a subsequent decision by the trial court on the merits . . . can have no effect on the dumping duties assessed . . . ."); Belgium, 452 F.3d at 1291-92; SKF USA Inc. v. United States, 28 CIT __, __, 316 F. Supp. 2d 1322, 1328 (2004) ("liquidation would permanently deprive [p]laintiffs . . . of the opportunity to contest Commerce's results for the administrative review by rendering [p]laintiffs' cause of action moot.").  A preliminary injunction against liquidation is therefore integral to the prosecution of a cause of action challenging the final results of an administrative review. See Belgium, 452 F.3d at 1292 ("In international trade cases, the Court of International Trade is authorized to grant preliminary injunctions barring liquidation in order to preserve the importer's right to challenge the assessed duties.").

Tianjin does not address liquidation or the facts of this case.  As such, plaintiffs are left with a naked assertion that the time periods of section 1516a (and perhaps USCIT R. 56.2) impliedly stay liquidation to permit an interested party to obtain a preliminary injunction against liquidation.  The statutory framework, however, does not administratively suspend or automatically stay liquidation following the final results of an administrative review while an interested party decides whether or not to commence an

---

[1] 19 C.F.R. § 159.1 (2004).

action or move for an injunction.  See Int'l Trading Co. v. United States, 281 F.3d 1268,

1273 (Fed. Cir. 2002) ("Int'l Trading I") (rejecting argument that suspension of liquidation

must continue beyond the date that the final results are published to safeguard an

interested party's right of judicial review).

Instead, that framework provides that the Court of International Trade "may

enjoin the liquidation of some or all entries . . . covered by a determination of

[Commerce] . . . , upon a request by an interested party for such relief and a proper

showing that the requested relief should be granted under the circumstances."

19 U.S.C. § 1516a(c)(2) (emphasis added).  The statute further provides that "[u]nless

such liquidation is enjoined by the court," entries "shall be liquidated in accordance with

the determination of [Commerce] . . . ," 19 U.S.C. § 1516a(c)(1) (emphasis added),

which Customs carries out "promptly and, to the greatest extent practicable, within 90

days" after Commerce issues instructions.   19 U.S.C. § 1675(a)(3)(B).   Congress

therefore placed the responsibility on interested parties to act affirmatively and request

an injunction.

Absent some form of legislative "fix" by Congressional action—perhaps via an

amendment to sections 1516a or 1675 that suspends liquidation pending judicial

review—Commerce, and not the Court of International Trade, is best situated to

remedy, if not eliminate, the problems presented by this case.  Interestingly, Commerce

anticipated these very problems in a case before the Federal Circuit, Int'l Trading I.

There, Commerce expressed the concern that lifting suspension of liquidation upon

publication of the final results in the Federal Register may not allow time for "aggrieved

parties . . . to seek judicial review under 19 U.S.C. § 1516a." Int'l Trading I, 281 F.3d at 1273. The Federal Circuit ultimately rejected Commerce's concern, explaining that the statutory framework did not force "Commerce and Customs to act so quickly" that interested parties would be "deprived of their rights to seek correction of ministerial errors or judicial review of the final results. All that is required is that Commerce and Customs fulfill their respective obligations so that liquidation occurs within six months." Id. at 1274; see also Int'l Trading Co. v. United States, 412 F.3d 1303, 1313 (Fed. Cir. 2005); 19 U.S.C. § 1504(d). Here, Commerce and Customs did not "act so quickly." Plaintiffs were properly in court and liquidation did not occur until 75 days after the publication of the Final Results in the Federal Register.

Nevertheless, to avoid the concerns Commerce raised in Int'l Trading I and the problems of this case, Commerce can issue instructions that direct Customs to liquidate no earlier than (1) the date that is 90 days after the Federal Register publication date, and no later than (2) the six-month anniversary of that publication date unless liquidation is enjoined pursuant to court order. Such an augmented liquidation instruction policy would provide much needed certainty to the liquidation process. It would also afford interested parties ample time in which to contemplate suit, and if so inclined, to commence their actions and obtain the requisite injunction against liquidation.

## IV. Conclusion

Commerce's issuance of liquidation instructions within the combined 60-day period under 19 U.S.C. § 1516a(a)(2)(A) for commencement of an action in the United

States Court of International Trade was not unlawful, as claimed by plaintiffs, and the resulting liquidations are valid.  Accordingly, the court will enter a judgment dismissing this action.


                                        /s/ Leo M. Gordon
                                        Leo M. Gordon
                                        Judge


Dated:  New York, New York
        August 31, 2006