**EXPORTACIONES BOCHICA/FLORAL and Flores Del Cauca, Plaintiffs,**

v.

**The UNITED STATES and the United States Department of Commerce, Defendants,**

**and**

**The Floral Trade Council, Defendant–Intervenor.**

**Court No. 91–11–00802.**

United States Court of International Trade.

Aug. 4, 1992.

Akin, Gump, Hauer & Feld, Patrick F.J. Macrory, Washington, D.C., for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, U.S. Dept. of Justice, Civil Div. (Jane E. Meehan); (Patrick V. Gallagher, Jr.) Office of Chief Counsel for Import Admin., U.S. Dept. of Commerce, Washington, D.C., of counsel, for defendant.

Stewart and Stewart, Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr. and Amy S. Dwyer, Washington, D.C., for defendant-intervenor.

## OPINION

RESTANI, Judge:

This matter is before the court on plaintiffs' motion for judgment on the agency record. At issue is the Department of Commerce's third review of the antidumping duty order on fresh cut flowers from Colombia. The review covers the period March 1, 1989 to February 28, 1990. The final results of the review are found at 56 Fed.Reg. 50, 554 (Oct. 7, 1991).

■ The first issue is whether Commerce improperly declined to consider the request of Exportaciones Bochica/Floral ("Bochica") to revoke the antidumping duty order, as untimely. 19 C.F.R. § 353.25(b) provides in relevant part:

During the third or subsequent annual anniversary months of the publication of an order ..., a producer or reseller may request in writing that the Secretary revoke an order....

19 C.F.R. § 353.25(b) (1990). ITA interprets this regulation to require that any revocation request be filed on the anniversary month of the order if it is to be considered in the review requested that month. See 19 C.F.R. § 353.22(a) (1990). Given ITA's administrative burdens and the need for prompt completion of reviews,

this is not an unreasonable interpretation of the regulation.

■ The next issue is Commerce's choice of the highest cost-based constructed value as home market value for Flores del Cauca ("Cauca"). While Cauca did provide verifiable sales data, it failed verification with regard to costs. Contrary to its arguments, this does not make it a substantially complying respondent. While it may be inappropriate for Commerce to use the most adverse information available for truly substantially complying respondents, see Holmes v. United States, 16 CIT ——, ——, 795 F.Supp. 1205, 1207 (1992), Cauca does not fit that definition. Commerce discovered major omissions and discrepancies in Cauca's cost data. Thus, Commerce was permitted to draw adverse inferences and use the highest cost information available. See Rhone Poulenc, Inc. v. United States, 899 F.2d 1185, 1190 (Fed.Cir.1990). As Cauca does not have verifiable cost data, it cannot rebut the adverse inference drawn by Commerce. In these circumstances, Commerce is not required to use averaged data for other firms, as requested by Cauca.

The court finds no error in Commerce's determination.