INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, INTERNATIONAL UNION OF ELECTRONIC, ELECTRICAL SALARIED, MACHINE & FURNITURE WORKERS, AND THE INDUSTRIAL UNION DEPARTMENT (AFL-CIO), PLAINTIFFS *v.* UNITED STATES, DEFENDANT, AND SAMSUNG ELECTRONICS CO., LTD., DEFENDANT-INTERVENOR

Court No. 97–02–00210

(Dated May 20, 1997)

*Collier, Shannon, Rill & Scott, PLLC, (Jeffrey S. Beckington* and *Mary T. Staley)* for plaintiffs.
*Cullen & O'Connell (Paul D. Cullen, Sr.)* co-counsel for plaintiffs.
*Frank W. Hunger,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(A. David Lafer* and *Ronald G. Morgan), Elizabeth C. Seastrum* and *David Mason,* Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.
*Akin, Gump, Strauss, Hauer & Feld, L.L.P., (Warren E. Connelly, Margaret K. Minister* and *Katherine M. Ho)* for defendant-intervenor.

## OPINION

RESTANI, *Judge:* Plaintiffs seek a preliminary injunction of the United States Department of Commerce's changed circumstances review of an antidumping duty order issued against Samsung Electronics Co., Ltd. *See Color Television Receivers from Korea,* 49 Fed. Reg. 18,336, 18,337 (Dep't Commerce 1984) (antidumping duty order). Defendants oppose grant of the injunction and seek dismissal of the action for lack of jurisdiction.

Upon completion of the review, pursuant to 28 U.S.C. § 1581(c), this court will have jurisdiction to review all of plaintiffs' grievance. *See* 28 U.S.C. § 1581(c)(1994). Plaintiffs are fully participating in the review and have access to documents they assert should have been served on them earlier. If the proceeding was not authorized under the regulations and the results are adverse to plaintiffs the court may reject the results thereof. Plaintiffs have asserted no cognizable harm arising from initiation of the proceeding and have not established that their remedies under 28 U.S.C. § 1581(c) are inadequate. Thus 28 U.S.C. § 1581(i) jurisdiction is unavailable. *See Miller & Co. v. United States,* 824 F.2d 961, 963 (Fed. Cir. 1987), *cert. denied,* 484 U.S. 1041 (1988) (Manifest inadequacy of other provisions of 28 U.S.C. § 1581 is prerequisite to 28 U.S.C. § 1581(i) jurisdiction.).

These factors, together with plaintiffs' seven months delay, would also militate against exercise of 28 U.S.C. § 1581(i) jurisdiction, if it were available, until administrative remedies were exhausted. *See* 28 U.S.C. § 2637(d) (1994) (court may require exhaustion where appropriate). The court also notes that as a result of initiation of the changed circumstances proceeding Commerce has the opportunity to address the likeli-

hood of future dumping without the alleged technical impediments of other regulatory avenues, simultaneously with the domestic parties requested anticircumvention review. *See Samsung Electronics Co., Ltd. v. United States*, 946 F. Supp. 5, 10 (CIT 1996) (declining to order revocation decision in advance of consideration of related issues). Similarly, this is not the juncture for court action. This action is dismissed.