# Slip Op. 00-172

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| _____ : | |
| HOHENBERG BROS. COMPANY, : | |
|         Plaintiff, : | Court No. 96-09-02074 |
|     v. : | and |
| : | Court No. 95-04-00450 |
| THE UNITED STATES, : | |
|         Defendant. : | |
| _____ : | |

| | |
|---|---|
| _____ : | |
| A.C. MONK AND COMPANY, INC., : | |
|         Plaintiff, : | Court No. 96-09-02014 |
|     v. : | |
| : | |
| THE UNITED STATES, : | |
|         Defendant. : | |
| _____ : | |

| | |
|---|---|
| _____ : | |
| THE AUSTIN TOBACCO COMPANY, INC., : | |
|         Plaintiff, : | Court No. 96-09-02141 |
|     v. : | |
| : | |
| THE UNITED STATES, : | |
|         Defendant. : | |
| _____ : | |

| | |
|---|---|
| _____ : | |
| CARGILL AMERICAS, INC., : | |
|         Plaintiff, : | Court No. 96-12-02808 |
|     v. : | and |
| THE UNITED STATES, : | Court No. 97-06-00970 |
|         Defendant. : | |
| _____ : | |

| | |
|---|---|
| _____ : | |
| CARGILL CITRO-AMERICA, INC., : | |
|         Plaintiff, : | Court No. 97-08-01358 |
|     v. : | |
| : | |
| THE UNITED STATES, : | |
|         Defendant. : | |
| _____ : | |

———————————————————————
                                    :
CARGILL FERTILIZER, INC.,           :
                  Plaintiff,        :        Court No. 97-06-00969
             v.                     :                and
                                    :        Court No. 95-04-00449
THE UNITED STATES,                  :
                  Defendant.        :
———————————————————————:


———————————————————————
                                    :
CARGILL, INCORPORATED,              :
                  Plaintiff,        :        Court No. 95-04-00448
             v.                     :                and
                                    :        Court No. 96-09-02073
THE UNITED STATES,                  :
                  Defendant.        :
———————————————————————:


———————————————————————
                                    :
CAROLINA LEAF TOBACCO               :
COMPANY, INC.,                      :
                  Plaintiff,        :        Court No. 96-09-02024
             v.                     :
                                    :
THE UNITED STATES,                  :
                  Defendant.        :
———————————————————————:


———————————————————————
                                    :
DIBRELL BROTHERS, INC.,             :
                  Plaintiff,        :        Court No. 96-09-02028
             v.                     :
                                    :
THE UNITED STATES,                  :
                  Defendant.        :
———————————————————————:


———————————————————————
                                    :
EXCEL CORPORATION,                  :
                  Plaintiff,        :        Court No. 95-04-00379
             v.                     :
                                    :
THE UNITED STATES,                  :
                  Defendant.        :
———————————————————————:

```
_____
                                  :
GENERAL ELECTRIC COMPANY,         :
                Plaintiff,        :    Court No. 96-09-02126
            v.                    :              and
                                  :    Court No. 97-08-01360
THE UNITED STATES,                :
                Defendant.        :
_____:


_____
                                  :
K.R. EDWARDS LEAF TOBACCO         :
COMPANY, INC.,                    :
                Plaintiff,        :    Court No. 96-09-02052
            v.                    :
                                  :
THE UNITED STATES,                :
                Defendant.        :
_____:


_____
                                  :
MACLIN-ZIMMER-McGILL TOBACCO      :
CO., INC.,                        :
                Plaintiff,        :    Court No. 96-09-02057
            v.                    :
                                  :
THE UNITED STATES,                :
                Defendant.        :
_____:


_____
                                  :
MONK-AUSTIN INTERNATIONAL, INC.,  :
                Plaintiff,        :    Court No. 96-09-02059
            v.                    :
                                  :
THE UNITED STATES,                :
                Defendant.        :
_____:


_____
                                  :
THORPE-GREENVILLE EXPORT TOBACCO  :
CO., INC.,                        :
                Plaintiff,        :    Court No. 96-09-02114
            v.                    :
                                  :
THE UNITED STATES,                :
                Defendant.        :
_____:
```

```
_____
                               :
T.S. RAGSDALE COMPANY, INC.,   :
              Plaintiff,       :   Court No. 96-09-02083
          v.                   :
                               :
THE UNITED STATES,             :
              Defendant.       :
_____:


_____
                               :
UNIVERSAL LEAF TOBACCO         :
COMPANY, INC.,                 :
              Plaintiff,       :   Court No. 96-09-02118
          v.                   :
                               :
THE UNITED STATES,             :
              Defendant.       :
_____:


_____
                               :
U.S. STEEL INTERNATIONAL, INC.,:
              Plaintiff,       :   Court No. 96-09-02115
          v.                   :           and
                               :   Court No. 96-12-02820
THE UNITED STATES,             :
              Defendant.       :
_____:


_____
                               :
U.S. STEEL MINING CO., INC.,   :
              Plaintiff,       :   Court No. 96-09-02116
          v.                   :           and
                               :   Court No. 96-12-02811
THE UNITED STATES,             :
              Defendant.       :
_____:


_____
                               :
USX CORPORATION,               :
              Plaintiff,       :   Court No. 96-09-02091
          v.                   :
                               :
THE UNITED STATES,             :
              Defendant.       :
_____:
```

```
_____
                                 :
USX ENGINEERS & CONSULTANTS, INC., :
                Plaintiff,       :     Court No. 96-09-02092
           v.                    :
                                 :
THE UNITED STATES,               :
                Defendant.       :
_____:
```

[Motion to Amend Judgment Denied.]

Dated:  December    , 2000


McKenna & Cuneo, L.L.P. (Peter Buck Feller and Daniel G. Jarcho) for moving plaintiffs.

David W. Ogden, Assistant Attorney General, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Jeffrey A. Belkin) for defendant.

## OPINION

**RESTANI, Judge:**  This matter is before the court on plaintiffs' motions to amend judgment.  The captioned cases involve claims falling within the two-year statute of limitations for suits under 28 U.S.C. § 1581(i) (1994).  The judgment for which amendment is sought is the form consent judgment developed for resolution of suits seeking refund of Harbor Maintenance Tax ("HMT") paid on exports.  See U.S. Shoe Corp. v. United States, No. 98-126, 1998 WL 544680 (Ct. Int'l Trade Aug. 28, 1998); 26 U.S.C. § 4461, et seq. (1994).  Such taxes were found to be unconstitutional in United States v. U.S. Shoe Corp., 523 U.S. 360, 366-70 (1998).  Plaintiffs voluntarily entered into the

judgments at issue, and payment of principal has been made thereon.

In IBM Corp. v. United States, 201 F.3d 1367, 1374 (Fed. Cir. 2000), petition for cert. filed, 69 U.S.L.W. 3259 (U.S. Sep. 28, 2000) (No. 00-482), the court found interest was not owing on such refunds made under this court's 28 U.S.C. § 1581(i) jurisdiction.  In Swisher Int'l., Inc. v. United States, 205 F.3d 1358, 1364-65 (Fed. Cir.), cert. denied, 121 S. Ct. 624 (2000), the court found that 28 U.S.C. § 1581(a) jurisdiction existed for HMT refund claim denials that were properly protested.  As in Swisher, these plaintiffs perfected § 1581(a) protest denial jurisdiction.  Id. at 1361.  Accordingly, plaintiffs seek amendment of the form judgments to recite § 1581(a) jurisdiction instead of § 1581(i) jurisdiction and rewording the interest provision thereof so that interest will be owed from date of summons under 28 U.S.C. § 2644.[1]  By its terms 28 U.S.C. § 2644 applies to § 1581(a) jurisdiction cases (challenge to denial of protest under section 515 of the Tariff Act of 1930), but not to § 1581(i)(residual jurisdiction) cases.[2]

---

[1]  Plaintiffs also seek interest from date of payment of the tax under 19 U.S.C. § 1505(c).  This provision appears to be limited to import transactions.

[2] 28 U.S.C. § 2644 reads in relevant part:

(continued...)

First, contrary to plaintiffs' argument, the judgments are not jurisdictionally defective. It is clear that the court has jurisdiction in this matter under 28 U.S.C. § 1581, whether it is under subsection (a) or (i). Thus, the disposition of plaintiffs' claims via a consent judgment was proper and the court did not lack jurisdiction to enter the judgment.

Second, prior to the Swisher decision it was settled law that § 1581(i) jurisdiction did not exist if § 1581(a) jurisdiction provided an adequate remedy, whether or not a plaintiff availed himself of the underlying administrative procedure. See Miller & Co. v. United States, 824 F.2d 961, 963 (Fed. Cir. 1987), cert. denied, 484 U.S. 1041 (1988). Thus, attorneys could not have predicted that any factual scenario leading to § 1581(a) jurisdiction was possible after the Supreme Court found 28 U.S.C. § 1581(i) jurisdiction in U.S. Shoe. 523 U.S. at 365. Nonetheless, the Federal Circuit did fashion in Swisher what is apparently an exception to the normal rule, so

---

[2](...continued)
If, in a civil action in the Court of International Trade under section 515 of the Tariff Act of 1930, the plaintiff obtains monetary relief by a judgment or under a stipulation agreement, interest shall be allowed . . . . Such interest shall be calculated from the date of the filing of the summons in such action to the date of the refund.

that both parties who proceeded via the administrative refund route and those parties who sued directly may recover.[3]

Third, although this jurisdictional avenue was not predictable, the law firm representing Swisher before the Federal Circuit, which is also the firm representing these plaintiffs, continued to press its § 1581(a) jurisdictional argument based on denial of a refund request (for which no time limit was set) in order to avoid the two-year statute of limitations applicable to § 1581(i) claims. See 28 U.S.C. § 2636(i). As officers of the court, they surely would not have pressed this argument if it were frivolous. Aware of their own argument in Swisher, and deeming it worth pursuing in this court and the Court of Appeals, they nonetheless allowed the consent judgment forms to be signed, entered and payment to be made thereon.

---

[3] The result seems to be based on equitable considerations including the fact that the refund procedure originally endorsed by Customs (that is, protest of the collection as opposed to refund denial) was not the correct one. There is at least an element of affirmatively misleading action (albeit innocent) on the part of government officials. One also might read Swisher as a generally applicable limitation or abrogation of the Miller rule, but an appellate panel may not overrule a previous panel. Thus, the court concludes that a Miller exception has been carved out for HMT refunds. At what point parties must opt for a § 1581(a) or a § 1581(i) method of recovery is not made clear. The court need not resolve this issue here because these cases have been resolved by agreement.

Fourth, the court made clear that although it believed interest was owing in suits filed under § 1581(i), it indicated that the matter was by no means clear. See U.S. Shoe Corp. v. United States, 20 CIT 206, 207 (1996). Thus, if interest were of importance to its clients, plaintiffs' attorney should not have banked solely on an award of interest for claims made pursuant to cases settled under § 1581(i), but should have preserved the claims under § 1581(a) by not signing form consent judgments awarding judgment under § 1581(i), with interest expressly made dependent on the outcome of IBM, the § 1581(i) interest test case.

Plaintiffs' counsel never sought more flexible language on interest or on jurisdiction in the judgment form, although they are not strangers to the process that resulted in the claim resolution process and the form. Obviously, they expected that the consent judgment as written ultimately would give their clients all they were due, with the advantage of payment of principal earlier than could be expected if the cases remained stayed pending the Swisher litigation or perhaps proceeded separately.

The court was very liberal in allowing test cases to proceed on various types of claims on various theories. The court cannot

say what might have happened if plaintiffs had sought a different procedure for their claims or whether they could have obtained early payment of principal and yet preserved these arguments. History cannot be undone, however.

Statutes providing for HMT on exports should not have been passed. The internal revenue interest statute should have provided for interest on HMT claims more clearly. Unfortunately, these statutory errors did occur. The court regrets all parties may not be made completely whole because they may be limited to post-judgment interest. This is an important concern, but also of concern is the need to end litigation and to hold parties to their bargain so that such bargains can be relied on now and in the future.

Contrary to the government's preference for one payout, the court required that principal be paid before the interest issue was resolved in order to limit harm if interest was not owed. The government met its payment deadlines. The court will not compel the government to pay money on certain conditions and then change the conditions after payment is made, without a more serious case of injustice than is made here. If justice can tolerate the non-payment of interest on the § 1581(i) claims, as

is the result of IBM, justice can tolerate holding these well-represented parties to their bargain.

Unless the Supreme Court reverses the IBM decision, these plaintiffs will not get interest from date of summons in 1995, 1996, and 1997, to dates of judgment, which would not have been earlier than late 1998.  This is the bargain that was made.

Motion to Amend Judgment Denied.


_____
Jane A. Restani
JUDGE


Dated:  New York, New York

This 28th day of December, 2000.